In the Matter of TECHNICAL COLOR & CHEMICAL WORKS, INC., Respondent, v. MIKLOS FELKAY et al., Appellants.— In a special proceeding

by petitioner under section 964 of the Penal Law to obtain an injunction against three parties: Miklos Felkay, Tip Top Brush Co., Inc., and Banner Brush Co., Inc., the said three parties appeal from the final order of the Supreme Court, Westchester County, entered March 18, 1964 on the court's opinion, granting petitioner's application to enjoin them from using the name "Red Devil" or any symbol, representation or figure of a devil in connection with their paintbrush business. Order reversed on the law and facts, without costs and application denied, without costs, and without prejudice to such other proceeding or action as may be appropriate. The findings of fact implicit in the opinion at Special Term, insofar as they may be inconsistent herewith are reversed. The right to an injunction under the summary procedure afforded by the statute (Penal Law, § 964) must be "established in a clear and convincing manner" (*Association of Contr. Plumbers* v. *Contracting Plumbers Assn.*, 302 N. Y. 495, 498). Thus, the proof submitted in support of an application for such drastic relief must be such as to show that there are no real issues of fact to be tried (*Matter of Industrial Plants Corp.* v. *Industrial Liquidating Co.*, 286 App. Div. 568) with respect to the intent to deceive and mislead the public (*Matter of Playland Holding Corp.* v. *Playland Center*, 1 N Y 2d 300). In our opinion, the petitioner here failed to sustain such burden; it has not clearly and convincingly established its right to the relief it seeks. Because of the drastic nature of the remedy — a permanent injunction — which can be had on papers alone without formal trial and without opportunity afforded to the opposing party for cross-examination and full exploration of the facts, there must be strict compliance with the requirements necessary for the granting of summary relief under this statute (Penal Law, § 964). An established intent to deceive is the controlling consideration in granting the summary remedy prescribed by the statute (Penal Law, § 964; *Matter of Fischer Spring Co.* v. *Fischer*, 3 A D 2d 475). We conclude, on this record, that petitioner's proof was insufficient to conclusively demonstrate such intent (cf. *Matter of Ryan & Son* v. *Lancaster Homes*, 19 A D 2d 14). The petitioner's proper remedy is a plenary action in equity. We do not pass upon the other defenses raised by appellants in their answer to the petition. Such defenses involve issues which can be determined more appropriately upon plenary trial. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.