■ In the Matter of SPECIALTY BOX & PACKAGING COMPANY, INC., Appellant, v TOBIN HOWE SPECIALTY COMPANY et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 15, 1976 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to section 133 of the General Business Law, to permanently enjoin respondents from using the name "Specialty Packaging". Petitioner is in the business of supplying decorated packaging to retail merchants and has been operating under its present name, Specialty Box & Packaging Company, Inc., for at least 15 years. Respondent, Tobin Howe Specialty Co., is a seller of packaging products similar to those produced by petitioner. A short time prior to commencement of this proceeding respondent hired a salesman who had previously been employed by petitioner as a salesman for seven years until August, 1975. One of the methods utilized by petitioner in securing orders from its customers involved displaying its products at various trade shows. Respondent attempted to participate in certain of such trade shows conducted by the Women's Apparel Club during April of 1976. In connection with these shows a pamphlet was published by the Women's Apparel Club which contained a list of firms participating in the shows and the salesman representing each of the participants. In the pamphlet respondent's name appeared as "Specialty Packaging by Tobin Howe" with the name of the salesman formerly employed by petitioner directly underneath. Petitioner also alleges that respondent rented a room at one of the shows in Albany for the purpose of displaying its merchandise, and that this same room was customarily used by petitioner whenever it participated in the Albany shows of the Women's Apparel Club. Petitioner chose not to participate in the 1976 Women's Apparel Club trade shows. The present proceeding was commenced by petitioner pursuant to section 133 of the General Business Law. Petitioner seeks to permanently enjoin respon-

dents from using or adopting the name "Specialty Packaging" for advertising purposes or for the purposes of trade. Special Term refused to issue the requested permanent injunction and dismissed the petition. This appeal ensued. Section 133 of the General Business Law is derived from section 964 of the former Penal Law. The Court of Appeals, in addressing a petition pursuant to section 964, stated that: "The summary relief authorized should be invoked only when there is conclusive evidence of intent 'to deceive and mislead the public' ". *(Association of Contr. Plumbers of City of N. Y. v Contracting Plumbers Assn. of Brooklyn & Queens, 302 NY 495, 502.)* Upon examination of the entire record, we are of the view that no such conclusive evidence of intent to deceive or mislead has been demonstrated. Consequently, Special Term properly refused to grant a permanent injunction. Triable issues of fact are presented, however, and although such issues preclude the granting of a permanent injunction pursuant to section 133, resolution of these issues in favor of petitioner may lead to relief in a plenary action in equity. Therefore, rather than an outright dismissal, petitioner's application should have been dismissed without prejudice to commencement of a plenary suit in equity (see *Liosis v Maratos,* 28 AD2d 1115; *Matter of Technical Color & Chem. Works v Felkay,* 21 AD2d 787). Judgment modified, on the law and the facts, so as to provide that the dismissal of the petition is without prejudice to the commencement of a plenary suit in equity, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.