OPINION OF THE COURT
 

 Meyer, J.
 

 The sole question before us on this appeal is whether Special Term properly denied defendant’s motion for summary judgment on its third counterclaim, in which defendant sought to enjoin plaintiff “from using the name Fraunces Tavern, from using any name other than Fraunces Tavern Restaurant”. We hold that defendant is entitled to such injunctive relief.
 

 Defendant owns the building at 54 Pearl Street in the Borough of Manhattan which has been known since the eighteenth century as “Fraunces Tavern”. The building has been designated a national landmark and is primarily known as the site where then General George Washington bade farewell to his officers at the close of the Revolutionary War.
 

 The plaintiff is the tenant under a lease executed in 1977 which entitles it, subject to numerous restrictions, to conduct a restaurant business on the premises. Plaintiff asserts that the Norden family has conducted a restaurant busi
 
 *522
 
 ness on the leased premises for over 40 years and that because of the lengthy association of their restaurant business with the name “Fraunces Tavern” that name has become synonymous with their restaurant and that they, therefore, have acquired the exclusive right to use the name.
 

 This assertion is belied by several provisions of the lease to which they consented in 1977. Specifically, paragraph 3.04 of the lease provides as follows: “The business conducted by Tenant in the premises is only to be conducted under the name ‘Fraunces Tavern Restaurant’ or such other name as Landlord shall from time to time approve in writing pursuant to the request of Tenant.” Perhaps the clearest recognition of defendant’s ownership of the “Fraunces Tavern” appellation is contained in paragraph 40.01, which provided: “The right to use the name ‘Fraunces Tavern Restaurant’ in connection with Tenant’s business shall be limited to the restaurant business conducted in the premises and to no other business or location, and such right shall terminate upon the expiration or earlier termination of this Lease.”
 

 Having recognized defendant’s ownership of the name “Fraunces Tavern Restaurant”, and having accepted the licensed use of the name upon the terms dictated by the defendant, plaintiff cannot now assert ownership of it as against defendant (see
 
 Stogop Realty Co. v Marie Antoinette Hotel Co.,
 
 217 App Div 555).
 

 Nor is the plaintiff’s claim of ownership advanced by the fact that even as it negotiated the 1977 lease, it applied to the United States Patent and Trademark Office for registration of the name “Fraunces Tavern” as a service mark and subsequently obtained such registration. It is well established that registration is not dispositive of the common-law rights of ownership of the trade-mark (see
 
 Turner v HMH Pub. Co.,
 
 380 F2d 224, 228;
 
 United States Jaycees v San Francisco Jr. Chamber of Commerce,
 
 354 F Supp 61, 70, affd 513 F2d 1226), but merely grants the registrant the procedural advantage of establishing prima facie ownership. The probative value of that registration is but slight in light of the facts that plaintiff applied for the service mark at a time when it was conceding in negotia
 
 *523
 
 tion that defendant owned the name “Fraunces Tavern Restaurant”, and that the provisions of the lease negotiated clearly establish defendant’s ownership of the name.
 

 Defendant was entitled to summary judgment on its third counterclaim.
 
 *
 
 The order of the Appellate Division insofar as appealed from should, therefore, be reversed and the certified question answered in the negative.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order, insofar as appealed from, reversed, with costs, summary judgment granted to defendant on the third counterclaim, and question certified answered in the negative.
 

 *
 

 The only issue briefed before us is whether the order denying defendant’s motion for summary judgment on the third counterclaim was proper. Accordingly, we do not consider the propriety of so much of the Special Term order as denied defendant’s motion addressed to the second and fourth causes of action stated in plaintiff’s complaint.