■ Vantage Careers, Inc., Respondent, v Vantage Agency, Inc., Appellant. — Judgment, Supreme Court, New York County, entered June 25, 1980, which, *inter alia,* permanently enjoined defendant from using the word "Vantage" as part of its corporate name or in its business, is modified, on the law and the facts, and in the exercise of discretion, by modifying the injunction in the first decretal paragraph so as to enjoin the use by the defendant of the name "Vantage" except in conjunction with the prominent use of some other word or phrase, to be determined on the settlement of the order hereon, which shall clearly distinguish defendant's company from plaintiff's, and the judgment is otherwise affirmed, without costs. Findings of fact inconsistent herewith are vacated and new findings are made as hereinafter indicated. While plaintiff used the word "Vantage" in its corporate name before defen-

dant did, there is little evidence or likelihood of confusion, particularly in view of the essentially different geographical areas in which the parties operate and the somewhat different kinds of service that they specialize in. The name "Vantage" is not so distinctive nor is its use by plaintiff so well established and exclusive as to warrant the relief granted on trial. Further, whatever relief might have been appropriate when defendant first began to use the name "Vantage," intervening events have made it inequitable to forbid defendant to use the name "Vantage" altogether. For some years defendant has been actively conducting its business under that name; and for two and a half years after plaintiff's first motion for a preliminary injunction was denied, plaintiff permitted the action to remain relatively inactive, without even appealing from denial of the temporary injunction, while defendant continued to do business and to be known as "Vantage Agency." In the exercise of our power as a court of equity to mold our decree with due regard to the equities of the situation, we think it will be sufficient to require defendant to use some qualifying word or phrase in conjunction with the use of the word "Vantage" that will clearly distinguish defendant's business from plaintiff's. On the settlement of the order, the parties may submit suggestions as to such qualifying word or phrase. Concur — Birns, Sandler and Silverman, JJ.

Murphy, P.J., and Bloom, J., dissent in a memorandum by Murphy, P.J., as follows: We would affirm the judgment permanently enjoining defendant from using the word "Vantage" in its corporate name. Upon settlement of the order, the parties may present to this court a new corporate name for the defendant that incorporates continued use of the word "Vantage". While that new corporate name may seem to be sufficiently different from plaintiff's corporate name to permit its use, the possibility will remain that at some future date confusion will still result from the common use of the word "Vantage". It is not the function of this court to police the use of corporate names under section 301 (subd [a], par [2]) of the Business Corporation Law. Furthermore, the plaintiff should not be put to the additional expense of relitigating this matter at Special Term should it be presented with subsequent incidents of confusion. For both legal and practical reasons, we would simply affirm. Settle order.