**SIMON SAYS ENTERPRISES, INC. and
Louis Goldstein, Plaintiffs,**

v.

**MILTON BRADLEY COMPANY,
Defendant.**

**No. 80 Civ. 4914 (KTD).**

United States District Court,
S. D. New York.

Sept. 9, 1981.

William S. Miller, New York City, for plaintiffs.

Skadden, Arps, Slate, Meagher & Flom, New York City, Rodney O. Thorson, Washington, D. C., for defendant; John C. Fricano, New York City.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

In this trademark infringement and unfair competition action, defendant Milton Bradley Company ["Milton Bradley"] has moved for summary judgment. The only reply from the plaintiff is an attorney's affidavit and a letter accompanied by two exhibits. The affidavit submitted on behalf of the plaintiffs do not deny many of the facts asserted by the defendant in connection with this motion. Accordingly, those facts not denied will be deemed to have been admitted. See Local Rule 3(g).

Milton Bradley markets an electronic game with the name "Simon." The game is approximately the size of a ten inch disc with four large colored buttons that flash in various pre-programmed sequences. The object of this game is for one or more players to press the buttons which repeat the sequence of lights and sounds electronically produced by the game. Should the player fail to repeat these signals, the game emits a harsh electronic sound. If the player is clever enough to repeat the sequence, the game sounds a series of notes to indicate that the player is a winner.

Plaintiff Louis Goldstein is an entertainer at the Grossingers Hotel in the Catskills. He has taken the traditional children's game "Simon Says" and turned it into a successful night club act. In that connection, he formed the corporate plaintiff Simon Says Enterprises, Inc. to "promote and exploit the presentation of the entertainment act or production known as 'Simon Says' as originated by Louis Goldstein of Grossingers Hotel, Grossinger, New York . . . ." The corporate defendant has registered as a service mark a script mark "Simon Says" with the United States Patent Office (No. 213,724, filed March 9, 1965).

The plaintiffs now claim that the defendant has interfered with the service mark by calling their product "Simon" and using the words "Simon says repeat my flashing Lights and Sounds" on the packaging for "Simon."

I have grave doubts that the appropriation of the name of a traditional children's game by the plaintiffs amounts to a valid trademark or service mark; but I need not reach that question here. Under the uncontroverted facts on the record before me, it is clear that the defendant has not infringed plaintiffs' mark nor has it engaged in any unfair competition.

The defendant's game was devised by a toy inventor in Chicago and later developed and marketed by the defendant beginning sometime in the fall of 1977. After several sales calls and an introduction at a trade fair, "Simon" was officially presented to the public on May 18, 1978, when Milton Bradley staged a large publicity affair at Studio 54 in New York. As part of this affair, the plaintiff Goldstein was hired to perform his "Simon Says" routine. Prior to Goldstein's performance he was advised of the entire marketing concept of the defendant's game, and, in fact, was given a model of the game. He was paid $1,500 for this performance. Thereafter, his agent evidently sought further engagements in the promotional efforts of the defendant for the game, but the defendant declined the offer.

In November, 1977, defendant applied for a trademark of the name "Simon" for its game. The plaintiffs herein have opposed this application which is still pending. In the meantime, on August 26, 1980, this action for damages, injunctive relief and an accounting was commenced under the Lanham Act, 15 U.S.C. § 1051 et seq., Section 368 of the General Business Law of New York and common law.

The mere fact plaintiffs have a registered service mark on "Simon Says" does not give them the right to absolute protection of the mark. To establish infringement under Section 32 of the Lanham Act, plaintiffs must basically show that the use of its mark by defendant creates a likelihood of confusion and also that a finding of infringement is favored by a balance of equities. See Vitarroz Corp. v. Borden, Inc., 644 F.2d 960 (2d Cir. 1981); Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir.), cert. denied, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961).

At the outset it must be stated that it does not appear that defendant has used plaintiffs' mark. Defendant's game is called "Simon," not "Simon Says." But even assuming the name "Simon" or the words "Simon says ..." on defendant's package could be viewed as a use of plaintiffs' mark, there is absolutely no likelihood of confusion here. The products of each party are obviously different. Plaintiff Goldstein is a live entertainer who plays "Simon Says" with his audience. Defendant, on the other hand, markets an electronic game to be played in the privacy of one's home. In addition, although defendant's game resembles the traditional game "Simon Says" as played at Grossingers in that the object is to repeat certain signals, differences abound. For example, the only action required by players of defendant's game is the pressing of a button. By contrast, plaintiffs' "Simon Says" may require a participant to perform calisthenics [Kraus Affidavit, ¶ 11] or to respond verbally [Goldstein Deposition June 12, 1980 at 31]. Also, defendant's game requires a response to all commands whereas a main object to plaintiffs' "Simon Says" is to respond to only those commands prefaced by the words "Simon Says." As a result, the products simply cannot be said to compete, and there is no evidence to show that the plaintiffs intend to expand into the electronics game market.

Furthermore, the plaintiffs have not submitted any proof to show that there is actual confusion between their service mark and defendants' game "Simon." This lack of proof is particularly noteworthy since the parties' marks have been in concurrent use since 1978. Also, there is no showing that the defendant has sought to pass off its goods as that of the plaintiffs or falsely designated the origin of its product. In fact, it appears the defendant has consistently acted in good faith. See Vitarroz v. Borden, Inc., 644 F.2d at 966.

The record before me reveals an ironic twist to plaintiffs' case. The gravamen of plaintiffs' claim is that the defendant's product unjustly exploits the plaintiffs good will and reputation gained over the years through the "Simon Says" act. In fact, it appears that the defendant may be responsible for much of plaintiffs' popularity. The Studio 54 party is an example. It would appear that the game "Simon" has gained a national reputation and the plaintiffs are attempting to cash in on that reputation.

Finally, this action is also dismissed on grounds of laches. See Saratoga Vichy Spring Co., Inc. v. Lehman, 625 F.2d 1037 (2d Cir. 1980). Plaintiffs waited over two years from the date they learned of defendant's game and the marketing plans for it before bringing this suit. If the plaintiffs were really interested in protecting their service mark, this action would have been instituted long ago.

For the foregoing reasons, defendant's motion for summary judgment is granted as to the entire complaint. The plaintiffs' additional claims under common law and New York statutory law are dismissed for the same reasons as the Lanham Act claims.

The complaint is dismissed.

SO ORDERED.