**ACE HARDWARE CO., INC., Plaintiff,**

v.

**ACE HARDWARE CORPORATION,
Defendant.**

**No. 81–CV–798.**

United States District Court,
N. D. New York.

Feb. 18, 1982.

Bushin & Rosman, New York City, for plaintiff; Lawrence Rosman, New York City, of counsel.

Kane, Dalsimer, Kane, Sullivan & Kurucz, New York City, James A. Murphy, Jr., King, Murphy, Adang & Arpel, Saratoga Springs, N.Y., for defendant; David H. T. Kane, New York City, of counsel.

## MEMORANDUM–DECISION AND ORDER

MINER, District Judge.

### I.

Plaintiff, Ace Hardware Co., Inc., originally brought this action against defendant Ace Hardware Corporation in the New York Supreme Court, claiming that defendant's use of the "Ace" name infringed its common law trademark right and constituted unfair competition under N.Y.Gen. Bus.Law §§ 133, 368–d. Plaintiff seeks injunctive relief, damages, including lost profits, and costs. Defendant removed the action to this Court under 28 U.S.C. §. 1441(a), and plaintiff's subsequent motion to remand was denied. Jurisdiction here is pursuant to 15 U.S.C. § 1121[1] and 28 U.S.C. §§ 1332 and 1338. Before the Court is defendant's motion for summary judgment. Fed.R.Civ.P. 56.[2]

### II.

Plaintiff, a New York corporation, is a local hardware dealer in Ellenville, New York and has conducted business under the tradenames Ace Hardware, Ace Hardware Co., and Ace Hardware Co., Inc., at least since 1949. Plaintiff's business includes both wholesale and retail sales. Plaintiff has not registered its tradename with either New York State or the United States and makes no claim under federal law.

Defendant, a Delaware corporation with its principal place of business in Illinois, wholesales hardware and related products to thousands of franchised retail hardware stores across the United States. It claims to have been operating under the name and mark "Ace" at least since 1928. Defendant is the owner of two concurrent federal registrations for the mark "Ace," the first one dating back to 1967. As of January, 1982, 68 stores in New York had signed franchise agreements with defendant.

Defendant alleges that the plaintiff has had knowledge of the defendant Ace Hardware for at least 30 years from trade journals and advertising. Moreover, defendant claims plaintiff has corresponded with defendant regarding defendant's Ace Hardware franchise program since July 1, 1976. In addition, officers of plaintiff corporation attended a June, 1979 meeting where plaintiff received promotional material with respect to defendant's program and thereafter continued to discuss the program with

1. 15 U.S.C. § 1121 reads in pertinent part:
   "The district and territorial courts of the United States shall have original jurisdiction ... of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

2. Defendant counterclaims for a declaration of trademark rights. Jurisdiction is asserted under 28 U.S.C. §§ 2201 and 2202, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a) and 28 U.S.C. § 1332.

defendant's representatives until sometime in 1980. Thus, defendants contend, plaintiff was aware of the confusion over the use of "ACE," at least since 1976.

Plaintiff alleges defendant began its retail program in New York in 1966, one year prior to the registration of its trademark. Moreover, plaintiff claims that prior to 1967, defendant was known as "Ace Stores" and registered the "Ace Hardware" trademark only when it learned of plaintiff's existence. Plaintiff admits awareness of the confusion over the use of the "ACE" name since at least 1976.[3] Suit was brought in May, 1981 after, plaintiff alleges, defendant threatened to franchise a local competitor if plaintiff did not join defendant's "buying group."

### III.

Essentially, the defendants contend that summary judgment should be granted on two grounds: first, plaintiff's claim is barred by the federal Trade-Mark Act (Lanham Act); and second, plaintiff has acquiesced in defendant's use of the trade name and mark "Ace Hardware" since at least 1976, and, consequently, the present litigation is barred by the equitable doctrine of laches. Plaintiff asserts that summary judgment is inappropriate, since this is a complex case and discovery has yet to be completed. *National Life Insurance Co. v. Solomon*, 529 F.2d 59 (2d Cir. 1975). Moreover, plaintiff claims that laches is not an available defense when, as alleged here, defendant has acted in bad faith and plaintiff's delay is not unreasonable under the circumstances. Plaintiff further claims that defendant's registration under the Lanham Act is not incontestable, since plaintiff is a "prior user" and the registration was acquired by fraud.

### IV.

Section 22 of the Lanham Act, 15 U.S.C. § 1072, provides in part that "[r]egistration

of a mark on the principal register . . . shall be constructive notice of the registrant's claim of ownership thereof." The Act further provides for the filing of certain affidavits within the sixth year after issuance of registration,[4] and upon the filing of the affidavits, attesting to continuous usage over the past five years, the registration becomes incontestable." 15 U.S.C. § 1065. Section 1115(b) of the Act provides that "[i]f the right to use the mark has become incontestable under section 1065 . . ., the registration shall be *conclusive evidence* of the registrant's exclusive right to use the registered mark in commerce . . . ." (Emphasis supplied). This rule of conclusiveness is abrogated when "the registration or the incontestable right to use the mark was obtained fraudulently," 15 U.S.C. § 1115(b)(1), and is inapplicable where an alleged infringing party adopted the mark "without knowledge of the registrant's prior use" and has "continuously used" the contested mark "from a date prior to registration of the mark under the Act," 15 U.S.C. § 1115(b)(5).[5]

The purpose of the Lanham Trade-Mark Act is to "afford nation-wide protection to federally-registered marks, and that once the certificate has issued, no person can acquire any additional rights superior to those obtained by the federal registrant." *Burger King of Florida, Inc. v. Hoots*, 403 F.2d 904, 908 (7th Cir. 1968). Indeed, the Act has pre-empted almost the entire field of trademark law and controls.[6] *See Mister Donut of America, Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 844 (9th Cir. 1969). Therefore, since it is undisputed that defendant has complied with the applicable provisions of the Lanham Act, the only pertinent issue remaining is whether plaintiff has demonstrated a defense to the "incontestable" nature of defendant's mark under 15 U.S.C. § 1115.

---

**3.** Deposition E. Auerbach, pp. 98–99.

**4.** 15 U.S.C. § 1062(c).

**5.** However, this defense, or exception to the incontestable right to use the mark, shall "apply only for the area in which such continuous

prior use is proved . . ." 15 U.S.C. § 1115(b)(5).

**6.** Thus, contrary state law is nullified and subsumed through the doctrine of "preemption."

Plaintiff asserts that defendant somehow fraudulently registered the "ACE" mark in 1967. Thus, section 1115(b)(1) is invoked as a defense to defendant's incontestable mark. Here, the plaintiff has presented no evidence of fraud and has relied exclusively upon conclusory allegations and bald assertions. Plaintiff has failed to come forward with even a scintilla of evidence demonstrating defendant's fraudulent intent or acts. Fed.R.Civ.P. 56(e). See *S.E.C. v. Research Automation Corp.*, 585 F.2d 31 (2d Cir. 1978); see also *Community of Roquefort v. William Faehndrich, Inc.*, 303 F.2d 494 (2d Cir. 1962). It also has failed to demonstrate how further discovery might lead to such evidence. Fed.R.Civ.P. 56(f).

■ However, since plaintiff has established that it had adopted the mark "Ace Hardware" without knowledge of defendant's prior use and that it had used the mark continuously from a date prior to defendant's federal registration of the mark, it is entitled to protection in the area of use that predates the 1967 registration.[7] 15 U.S.C. § 1115(b)(5). See, e.g., *Golden Door, Inc. v. Odisho*, 646 F.2d 347 (9th Cir. 1980); *Mister Donut of America, Inc. v. Mr. Donut, Inc.*, 418 F.2d 838 (9th Cir. 1969); *Burger King of Florida, Inc. v. Hoots*, 403 F.2d 904 (7th Cir. 1968); *Holiday Inns, Inc. v. Holiday Inn*, 364 F.Supp. 775 (D.S.C. 1973), aff'd, 498 F.2d 1397 (4th Cir. 1974). Thus, the question narrows to a delineation of the area in New York where the plaintiff operated under the name "Ace Hardware" before defendant registered that mark.[8]

■ Finally, defendant contends that it is entitled to an award of attorneys' fees.

The general American rule governing the allocation of the costs of litigation places the burden of fees on each party, regardless of the outcome of the action. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Exceptions to this general rule exist where there is some explicit statutory provision providing for awards of attorneys' fees or where the court finds that the action has been commenced or conducted "in bad faith, vexatiously, wantonly or for oppressive reasons." *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 753 (1974); *Nemeroff v. Abelson*, 620 F.2d 339 (2d Cir. 1980). Here, there is not a sufficient showing of bad faith to justify an award of fees.

V.

In view of the foregoing it is appropriate that there be a summary adjudication in this matter as provided in Rule 56(d), Fed. R.Civ.P. See generally Fed.Proc.L.Ed. § 62:637. It is therefore

ORDERED, that defendant's application for attorneys' fees is denied; and it is further

ORDERED, that the following issues remain for determination after trial:

1. The area within the State of New York where plaintiff conducted business operations under the name "Ace Hardware" prior to defendant's registration of its trademark.

2. The relief to which plaintiff is entitled as a consequence of the resolution of the foregoing issue; and it is further

---

7. Plaintiff operated under the name "Ace Hardware" at least since 1949. Defendant does not contest plaintiff's § 1115(b)(5) defense. However, it seeks to limit plaintiff's use of the mark "Ace Hardware" to the Ellenville area.

8. As for defendant's second ground for summary judgment, laches, the Court agrees that laches is an appropriate ground for summary judgment in a trademark action. See, e.g., *Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037 (2d Cir. 1980), *Simon Says Enterprises v. Milton-Bradley Company*, 522 F.Supp. 986 (S.D.N.Y.1981). However, in proving a laches defense, defendant "must show that plaintiff

had knowledge of defendant's use of its marks, that plaintiff inexcusably delayed in taking action with respect thereto, and that defendant will be prejudiced by permitting plaintiff inequitably to assert its rights at this time." *Cuban Cigar Brands, N.V. v. Upmann International, Inc.*, 457 F.Supp. 1090, 1096 (S.D.N.Y.1978), quoted with favor in *Saratoga Vichy Spring Inc. v. Lehman*, supra, 625 F.2d at 1040. Here, defendant has not sufficiently shown that plaintiff's delay in bringing suit was "inexcusable," since the negotiations between the parties did not terminate until sometime in 1980.

ORDERED, that all remaining issues are resolved in favor of defendant.