■ LITTLE INDIA STORES, INC., Respondent, v BRAJ N. SINGH et al., Appellants. — Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered October 16, 1981, which granted plaintiff's application for a preliminary injunction enjoining defendants from using the name "Little India of Queens" or the name "Little India" pending trial of the action, is reversed, on the law, the facts and in the exercise of discretion, with costs, and plaintiff's motion for a preliminary injunction is denied. ¶ Plaintiff, Little India Stores, Inc. (Little India), incorporated in March, 1980, has been engaged in the sale of Indian and Pakistani groceries and specialty foods, utensils, records and video tapes in New York County since June, 1980. Defendants Braj N. Singh and

Manjula Singh both were employed by Little India. Manjula was also an officer, director and stockholder. On April 5, 1981, they withdrew from their relationship with Little India and proceeded with plans to open a store in Queens County where they would sell the same type of items that were being sold by Little India. Manjula Singh filed a business certificate on April 22, 1981, designating "Little India of Queens" as the name of the new enterprise, and scheduled a grand opening in Jackson Heights, Queens, for May 9, 1981. ¶ On May 11, 1981, plaintiff instituted this action charging defendants with unfair competition and trade-mark infringement. Plaintiff sought and obtained a preliminary injunction, pursuant to section 368-d of the General Business Law, enjoining defendants' use of the name "Little India of Queens" or the words "Little India" in their business. Defendants also were enjoined from engaging in any acts which might tend to deceive, mislead or confuse the public into believing that there was some connection or association between plaintiff's and defendants' businesses. ¶ In granting the injunction *pendente lite,* Special Term apparently concluded that there was the likelihood of injury to plaintiff's business resulting from defendants' choice of name and type of merchandise sold in their store. The order granting plaintiff's motion required the posting of an undertaking and was entered on October 16, 1981. Plaintiff did not post the required undertaking until August, 1983, and did not serve the order with notice entry upon defendants until October 3, 1983. Defendants promptly filed a timely notice of appeal, applied for and were granted a stay of Special Term's order pending the appeal. ¶ It is too well settled to require extensive citation that injunctive relief should not be granted unless there has been a demonstration of the likelihood of ultimate success on the merits, irreparable injury absent a grant of injunctive relief and a balancing of the equities in favor of the applicant. As we have recently reiterated " 'In the absence of a clear right to the relief demanded, injunctive relief should not be granted until the issues have been fully explored and the entire matter resolved after plenary trial' " (*Gulf & Western Corp. v New York Times Co.,* 81 AD2d 772, 773). ¶ In order to merit protection under section 368-d of the General Business Law, commonly known as the antidilution statute, a party must demonstrate either that there is the "[l]ikelihood of injury to [its] business reputation or of dilution of the distinctive quality of [its] mark or trade name" (General Business Law, § 368-d; *Allied Maintenance Corp. v Allied Mechanical Trades,* 42 NY2d 538). Here, plaintiff merely alleges, in conclusory fashion, that its patrons residing in Queens might be deceived, misled and confused into patronizing defendants' establishment, under the mistaken belief that it is a branch of plaintiff's business. Such allegations do not suffice to demonstrate any likelihood of injury to plaintiff's business reputation. Nor do the bare allegations that telephone calls have been received from unnamed sources, allegedly inquiring as to whether defendants' Queens store was related to plaintiff's Manhattan store, without more, tend to establish " '[the] likelihood of confusion * * * or [support] a finding that the defendant[s] intentionally selected the name ["Little India"] with the intent to trade upon the reputation of the prior user.' " (*Beneficial Corp. v Beneficial Capital Corp.,* 529 F Supp 445, 451, citing *Sears, Roebuck & Co. v Allstate Driving School,* 301 F Supp 4, 19.) ¶ Plaintiff's claim is in no way aided by the fact that section 368-d of the General Business Law has been held to be "designed to prevent * * * the gradual whittling away of a firm's distinctive trade-mark or name." (*Allied Maintenance Corp. v Allied Mechanical Trades, supra,* at p 544.) To merit protection against dilution, the plaintiff must possess a strong name that has a distinctive quality or has acquired a secondary meaning which is capable of dilution. (*Supra,* at p 545; *Bel Paese Sales Co. v Macri,* 99 AD2d 740.) Here plaintiff's business had been in operation for less than a year

prior to defendants opening their store. It hardly can be said that plaintiff's "Little India" name had acquired a secondary meaning in that short time. A secondary and distinctive meaning "will rarely be established overnight. Such is uniquely attainable through a gradual evolution. Acceptance thereof will be acknowledged when a substantial section of the buying public can equate that [name] with a particular business and no other (3 Callmann, Unfair Competition, Trademarks and Monopolies [3d ed], § 77.4)". (*Norden Rest. Corp. v Sons of Revolution,* 73 AD2d 213, 218 [dictum], revd 51 NY2d 518, cert den 454 US 825.) ¶ Plaintiff failed to post the required bond and to enforce its rights under the preliminary injunction for almost two years. Additionally, plaintiff fails to even assert in its brief on appeal that any injury to its business reputation or dilution has *in fact* resulted from defendants' use of the name "Little India of Queens" for the past two years. Thus, it is clear that no "irreparable" injury would have resulted from a denial of injunctive relief. Finally plaintiff's delay in seeking enforcement of the injunctive relief, obtained almost two years ago, demonstrates the absence of equities in its favor, and serves as a bar to enforcement of the right now. (See *Simon Says Enterprises v Milton Bradley Co.,* 522 F Supp 986; *De Candido v Young Stars,* 10 AD2d 922.) Concur — Carro, Milonas and Alexander, JJ. Sandler, J., concurs in a memorandum and Kupferman, J. P., dissents in a memorandum as follows:

Sandler, J. (concurring). On the facts presented to Special Term, a close question was presented. Plaintiff's subsequent failure to post the required bond and to enforce its rights under the preliminary injunction for almost two years seems to me to constitute the unusual situation in which it is appropriate for an appellate court to consider on appeal events subsequent to the order appealed from. That failure undermines significantly the *bona fides* of plaintiff's contention at Special Term that a preliminary injunction was required to avoid irreparable damage. If the plaintiff could wait almost two years before undertaking to enforce its rights under the preliminary injunction, I think it can wait a brief additional period before the case is tried.

Kupferman, J. P. (dissenting). I would affirm the order granting plaintiff's application for a preliminary injunction. ¶ The plaintiff was incorporated in March, 1980 and began doing business in June, 1980 at 128 East 28th Street in the heart of a wholesale and retail area for Indian and Pakistani goods, selling foods, utensils, tapes and records and serving the metropolitan Indian, Pakistani and Bangladesh communities, the bulk of whom live in Jackson Heights and Elmhurst, Queens. The defendant Manjula Singh was a stockholder, director and officer of the plaintiff. Together with Braj N. Singh, they worked at the store on salary and profit sharing. In 1981, they withdrew from the corporation and commenced operation of a business in Jackson Heights under the name of Little India of Queens, allegedly dealing with the same merchandise. The plaintiff then commenced this action alleging unfair competition and infringement of a trade name and seeks to permanently enjoin the Singhs from using any name which includes the term "Little India". ¶ The defense is that the two stores are geographically distant, that when they left the plaintiff, there were no restrictions on their right to set up an independent business, and that there are other stores which sell the same merchandise. ¶ The court at Special Term granted a preliminary injunction under section 368-d of the General Business Law with a demonstrated likelihood of loss of clientele. ¶ The geographical area is not so distant (see *Lincoln Rest. Corp. v Wolfies Rest.,* 291 F2d 302), when one considers the appeal to people of a distinct ethnic community. (See Unfair Competition-Secondary Meaning, Ann., 41 ALR3d 434, 442.) ¶ The defendants, having been associated with the plaintiff's business when they withdrew from Little India Stores, Inc., had an obligation to refrain from soliciting former customers. (See *Mohawk Maintenance Co. v*

*Kessler,* 52 NY2d 276.) The use of this similar name has that effect. (See *Matter of Bargain Town, U. S. A. v Bargain-Time Stores,* 15 AD2d 784.) The fact that the defendants' name is modified by "of Queens" does not distinguish the defendants' business from the plaintiff's. (See *Vantage Careers v Vantage Agency,* 79 AD2d 912.) Rather, it gives it the appearance of being a branch. This should bring into play section 368-d of the General Business Law with respect to dilution. Under section 368-d, an injunction may be obtained even in the absence of competition or confusion. (See *Allied Maintenance Corp. v Allied Mechanical Trades,* 42 NY2d 538, 543.) All that is needed is that the name itself have a distinctive quality. ¶ The fact that there are other stores selling similar products does not change the appeal of the name to people of the ethnic background of the Land of the Raj. ¶ As the court at Special Term made clear, if the defendants' protestations are correct, "any disadvantage caused by a change of name for their store would be minimal."