■ IRVING BIZAR et al., Respondents, v MANFRED OHRENSTEIN et al., Appellants, and MARK J. BUNIM, Respondent.—Order of the Supreme Court, New York County (David H. Edwards, J.), entered on September 19, 1985, which granted plaintiffs' motion to resettle, denied defendants' cross motion to vacate the preliminary injunction and, upon resettlement, denied the cross motion by defendants I. Meyer Pincus and Mark J. Bunim to dismiss the complaint and granted the motion by plaintiffs and the cross motion of defendants Manfred Ohrenstein, Michael D. Brown, Mark J. Bunim and Jerome Solomon to the extent of, *inter alia,* enjoining and restraining all plaintiffs and defendants, their agents, employees and assigns from allocating and distributing the present and future asséts of the named former law firm, from writing checks on the partnership account and directing that the aforementioned parties place in escrow all fees received from clients of said law firm earned prior to August 1, 1983, is modified, on the law, the facts and in the exercise of discre-

tion, to the extent of deleting the provisions of the resettled order, reinstating the provisions of the order of the Supreme Court, New York County (David H. Edwards, J.), entered on December 17, 1984, and otherwise affirmed, without costs or disbursements.

This action involves a dispute regarding the division of assets, after payment of liabilities, of a law firm in which plaintiffs and defendants were all partners or associates prior to its dissolution, effective August 1, 1983. In that connection, Special Term, in an order entered on December 17, 1984, granted an injunction which enjoined and restrained during the pendency of the litigation all plaintiffs and defendants, their agents, employees, and assigns from allocating and distributing the present and future assets of the named law firm, from writing checks on the partnership account, directed the parties to place in escrow all fees received from the firm's clients earned prior to August 1, 1984 and collected subsequent to such date, and enjoined the parties from distributing funds from said escrow account. Thereafter, plaintiffs moved to make the injunction retroactive to August 1, 1983, which motion the court ultimately granted. The instant appeal ensued.

An examination of the record herein fails to reveal sufficient basis for injunctive relief since it is impossible at this time to determine which parties are likely to prevail on their claims, there has been no demonstration of irreparable injury absent granting of the preliminary injunction, and the balancing of the equities has not been shown to favor one party or the other. (See, Grant Co. v Srogi, 52 NY2d 496.) Unless there is an indication that a party has a clear right to injunctive relief, such a remedy is inappropriate until the " 'issues have been fully explored and the entire matter resolved after plenary trial' ". (Little India Stores v Singh, 101 AD2d 727, 728.) Special Term thus was not warranted in granting injunctive relief. However, in view of the fact that all of the parties to the present litigation appear to have agreed that the fees earned by the partnership prior to its dissolution but collected after August 1, 1984 should be placed in escrow, this court will not disturb the provisions of the original order of December 17, 1984. Concur—Asch, J. P., Milonas, Ellerin and Wallach, JJ.