**ARCHITEMPS, INC., Plaintiff,**

**v.**

**ARCHITEMPS, LTD., Defendant.**

**No. 88 Civ. 5152.**

United States District Court,
S.D. New York.

Nov. 2, 1988.

Jane Shay Wald with Amy B. Goldsmith and George Gottlieb of Gottlieb, Rackman & Reisman, P.C., New York City, Daniel L. Kegan and Esther O. Kegan of Kegan & Kegan, Ltd., Chicago, Ill., for plaintiff.

Pasquale A. Razzano and Marilyn Brogan of Curtis, Morris & Safford, P.C., New York City, for defendant.

## MEMORANDUM AND ORDER

OWEN, District Judge:

Plaintiff Architemps, Inc., located in Chicago, Illinois, has been in the business of placing architects and designers into temporary positions with architecture and interior design firms since 1985. It has held a federally registered trademark in the service mark "Architemps" since December of 1986. Defendant Architemps, Ltd., located in New York, New York, has been in the identical business since 1981; it has never sought trademark registration for its use of the mark "Architemps." The parties' current dispute is territorial in nature:[1] in view of defendant's expressed desire to open an office in California, plaintiff, whose California office has been in operation since March of 1988, seeks to enjoin defendant from conducting its business in California utilizing the "Architemps" mark. In response, defendant cross moves for summary judgment, asserting protection for its use of the mark under common law and the invalidity of plaintiff's trademark

---

**1.** Plaintiff concedes defendant's rights to use the name "Architemps" in the New York metropoli-

tan area, so long as defendant disclaims affiliation with plaintiff.

registration, for which it seeks cancellation.[2] For the reasons set forth below, plaintiff's motion for a preliminary injunction is granted and defendant's cross motion for summary judgment is denied.

■■■ Ownership of a federally registered trademark is prima facie evidence of the mark's validity and of the owner's exclusive right to its use. *Rick v. Buchansky*, 609 F.Supp. 1522, 1529 (S.D.N.Y.1985). However, continuous use of the same mark by another predating federal registration serves as a defense to an infringement action "only for the area in which such continuous prior use is proved." 15 U.S.C. § 1115(b)(5). The prior user of an unregistered mark is entitled to common law protection for its continued use of the mark in areas of use that predate registration. *Ace Hardware Co., Inc. v. Ace Hardware Corp.*, 532 F.Supp. 770, 773 (S.D.N.Y.1982); *see also Natural Footwear Ltd. v. Hart, Schaffner & Marx*, 760 F.2d 1383, 1395 (3d Cir.), *cert. denied*, 474 U.S. 920, 106 S.Ct. 249, 88 L.Ed.2d 257 (1985).

■ Since defendant as the senior and unregistered user of the mark "Architemps" has failed to show actual use of the mark in California predating plaintiff's federal registration, I find that plaintiff has demonstrated likelihood of success on the merits.[3] From the essentially undisputed factual picture presented by the parties, it appears that defendant's activities in soliciting clients to utilize its temporary workers have basically been restricted to the New York metropolitan area. Defendant relies upon advertisements it placed in various newspapers, including allegedly nationally distributed sections of the New York Times, the Chicago Tribune, and "other newspapers in Boston, San Francisco, Houston, Seattle and San Diego" to demonstrate that it has established a national reputation in the architectural community for providing the services of architects and designers on a temporary basis prior to plaintiff's registration. However, the vast majority of these advertisements are of the "Help Wanted" variety and cannot be considered *client* solicitation or promotion of its services. In any event, any advertisements ("Help Wanted" or otherwise) placed in California newspapers after December, 1986, the date of plaintiff's trademark registration,[4] do not entitle defendant to claim "continuous prior use" of the mark in California. Significantly, the deposition testimony of defendant's principal indicates that, although some of the "Help Wanted" advertisements indicated the availability of temporary job placements in cities other than New York, such placements never actually occurred (Fields deposition, pages 132–37, 141–42). Moreover, defendant neither maintains an office nor has clients with which it placed temporary workers in California to date (*id.* at 138, 153). In light of defendant's extremely limited presence outside the New York metropolitan area, I find that defendant does not enjoy common law trademark protection in the state of California so as to prevail over the federally registered plaintiff. Defendant's mere expectation of expanding operations in California, without more, cannot confer priority to the mark under common law. *See Liqwacon Corp. v. Browning–Ferris Industries, Inc.*, 203 U.S.P.Q. (BNA) 305, 309 (T.T.A.B.1979) (prior use confers superior rights in mark when there is "a viable corporation and, as in the case of a ... service mark, 'open and notorious' use thereof calculated to come to the attention of customers and prospective customers for the corporation's present or prospective offerings"). Plaintiff's use of the mark in

---

**2.** The parties have agreed to stay cancellation proceedings pending the outcome of this litigation.

**3.** Plaintiff's status as an innocent user of the "Architemps" service mark following a March, 1986 search of business and corporate listings, trade names, trade directories and telephone directories is not contested by defendant.

**4.** *See* Exhibit 19 of defendant's declaration in opposition to plaintiff's motion ("Help Wanted" advertisement placed in the May 15, 1988 Los Angeles Times) and Fields deposition at 135.

Defendant's Exhibit 20 is a want ad invoice from the San Francisco Chronicle dated September, 1986, which predates plaintiff's registration. However, there is no indication that this ad solicited clients rather than temporary workers, nor does it rebut defendant's deposition testimony that defendant has not made any placements with architectural firms in California to date.

California is therefore entitled to protection and it has demonstrated a likelihood of success on the merits.

Moreover, the identity of names and services will lead to irreparable injury to plaintiff's business if the parties coexist in California. Clearly, the facts before the Court demonstrate "any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question" so as to satisfy the standard for finding irreparable injury in a trademark case. *Joseph Scott Co. v. Scott Swimming Pools, Inc.*, 764 F.2d 62, 66 (2d Cir.1985), quoting *McGregor–Doniger, Inc. v. Drizzle Inc.*, 599 F.2d 1126, 1130 (2d Cir.1979).

In conclusion, plaintiff's motion for a preliminary injunction is granted, and defendant's cross motion for summary judgment is denied.

So ordered.