Sidney A. Fine, J.
There can be no question but that the word ‘ ‘ Metropolitan ’ ’, when used in the realm of song, long ago came to denote the Metropolitan Opera, which is and has been produced by plaintiff, Metropolitan Opera Association, Inc. In Metropolitan Opera Assn. v. Gould (N. Y. L. J., Feb. 8, 1956, p. 7, col. 3) Mr. Justice Benvenga aptly declared that “ There can be no doubt that the terms ‘ Metropolitan Opera ’, ‘ Metro *573 politan ’ and 1 The Met ’ have acquired a secondary meaning in the musical world as connoting the plaintiff; that plaintiff has a valuable property right in the use of those terms, and that these property rights are entitled to protection by injunction pendente lite in a proper case.” Injunctive relief was granted in that case and in Metropolitan Opera Assn. v. Pilot Radio Corp. (189 Misc. 505) and Metropolitan Opera Assn. v. Metropolitan Opera Assn, of Chicago (81 F. Supp. 127).
It is well settled that it is unnecessary for plaintiff to show that there has been actual confusion, it being enough that there is a strong likelihood that many of those hearing defendants’ performances may believe they are being given by persons authorized to do so by plaintiff. It is equally well established that it is immaterial whether or not the use of a name which has acquired a secondary meaning is innocent or with an actual intent to create the impression that the user is or is connected with the person or company associated in the public mind with that name.
There is nothing to indicate that plaintiff became aware of defendants’ use of the word “ Metropolitan ” until recently and there is, therefore, no basis for holding that plaintiff is estopped, by reason of its acquiescence, from securing injunctive relief. Laches, it is well established, constitutes no defense to an action of this character unless it amounts to an abandonment of plaintiff’s right to exclusive use of its name or unless it creates an estoppel (Menendez v. Holt, 128 U. S. 514, 523; Metz Labs. v. Blackman, 153 Misc. 171,181; Winifred Warren Inc. v. Turner’s Gowns, 16 N. Y. S. 2d 994, 999).
Motion granted. Suggestions as to the amount of the bond will be received upon the settlement of the order.