In the Matter of CHARLES F. RYAN & SON, INC., et al., Respondents, v. LANCASTER HOMES, INC., et al., Appellants.

Fourth Department, May 23, 1963.

*Faraci & Bonadio (Thomas Laverne* of counsel), for appellants.

*Howard J. Youngman* for respondents.

HALPERN, J. This is an appeal by Lancaster Homes, Inc., and Ryan Homes, Inc., from an order of the Supreme Court in a proceeding under section 964 of the Penal Law, enjoining the appellants from using the name '' Ryan '', '' Ryan Homes '' or '' Ryan E/M Homes '' or any simulation thereof in any part of their business or advertising in Monroe County so long as the

petitioners continue to conduct business therein under any trade name containing the name Ryan.

This case again illustrates the danger, in a trade name case, of relying upon the seemingly broad terms of section 964 of the Penal Law, instead of bringing a plenary suit in equity. The Penal Law section provides a summary remedy to be used only in obvious cases of the '' palming off '' of one's product as that of another, or cases in which it is clear that the wrongdoer intended to deceive and mislead the public into believing that his business was that of the complaining party or was associated with it. '' Section 964 is drastic in scope and content. The summary relief authorized should be invoked only when there is conclusive evidence of intent ' to deceive and mislead the public ' '' (*Association of Contr. Plumbers* v. *Contracting Plumbers Assn.,* 302 N. Y. 495, 502). Furthermore, '' the proof by affidavit and absence of factual issue must be tantamount to that which would authorize a summary judgment in an appropriate case under rule 113 of the Rules of Civil Practice '' (*Matter of Industrial Plants Corp.* v. *Industrial Liquidating Co.,* 286 App. Div. 568, 571).

When viewed in the light of these principles, the petitioners' proof was plainly insufficient to warrant summary relief under section 964.

The business of the petitioners was founded in 1925 by the grandfather, the father and the uncle of John H. Ryan, who is one of the petitioners and who is currently the president and principal stockholder of Charles F. Ryan & Son, Inc., the other petitioner. The business was originally a general building business, embracing the building of homes and commercial buildings. In March, 1952, the petitioner John H. Ryan and his father Charles F. Ryan entered into a partnership '' for the construction of residential homes exclusively ''; in the year 1954, they incorporated the business and, in the year 1958, the present corporation, Charles F. Ryan & Son, Inc., took over the business. From 1952 to 1962, the petitioners developed six residential subdivisions in the City of Rochester and its surrounding towns. Large advertising signs were erected in these subdivisions on which the name '' Ryan '' was prominently displayed and, beginning in 1958, the petitioners began to use the phrase '' Homes by Ryan ''.

The petitioners had advertised their home building business under the name of '' Ryan '' since 1952 and in April, 1960, they began '' a more regular and intensive newspaper advertising program which still continues and all of which promotes the name of ' Ryan ' ''. The phrase '' Ryan Homes '' as distin-

guished from "Homes by Ryan" does not appear to have been used until the Summer of 1962. In their advertising, the petitioners used a shamrock as a trade symbol and many of their advertisements included the slogan: "Follow the green shamrock signs". Many of the advertisements carried a picture of the petitioner J. H. Ryan. In their advertising, the petitioners emphasized that they planned and designed homes to fit the needs and wishes of the individual customer. They appealed to the "executive class" and their prices ran from $30,000 per home upwards. The petitioners built a total of only 20 homes per year.

On July 13, 1962, the petitioner John H. Ryan filed in the Monroe County Clerk's office certificates to do business under the assumed names "Homes by Ryan" and "Ryan Homes".

The appellants are Ryan Homes, Inc., a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania, and Lancaster Homes, Inc., a wholly owned subsidiary which is a New York corporation with its principal place of business in Rochester, New York. The appellants' business was founded in 1937 by one Edward J. Ryan and other members of the Ryan family. The present Ryan Homes corporation was organized in 1947 by Edward M. Ryan, the son of the founder, who is now the president of the corporation. Since 1947, the appellants have advertised in Pennsylvania under the name of Ryan Homes and in more recent years they have advertised extensively in other States as well.

The appellants' business consists of the development of subdivisions in which they erect pre-cut standardized homes which are shipped in a package from the main plant in Pittsburgh, Pennsylvania. The appellants cater to a mass market; they specialize in relatively low cost homes; they use the same type of home repeatedly. The appellants have received many awards and citations from leading magazines with a Nationwide circulation. In their advertising, the appellants use as a trade symbol a crest with the name Ryan diagonally across it and the initials E and M on each side of the name. The appellants built over 1,200 homes in the first 10 months of 1962.

In 1961, the appellant Pennsylvania corporation extended its operations to Wheeling, West Virginia. In 1962, it went into Cleveland, Columbus and Warren, Ohio, and into New York State. A separate corporation was organized in each State, the appellant Lancaster Homes, Inc., being organized for the New York State operation.

The appellants admitted that, prior to their coming into the Rochester area, they had had a survey made and had learned

that the petitioners were engaged in the home building business under the name of Ryan and that there were no other home builders in the Rochester area using that name. However, when the appellants began to advertise in the Rochester area in August, 1962, they studiously avoided any resemblance between their advertisements and those of the petitioners. They used their own well-established crest; they did not simulate the printing style, the symbols or the slogans used by the petitioners. Of course, they used the name "Ryan Homes", usually preceded by the descriptive words "award winning". But they emphasized in their advertisements that they had built up a reputation in other States and that they were coming into Rochester to offer Rochester residents the same types of homes which had won awards and citations elsewhere. In their advertisements and on their signs, the appellants stated in large, bold type that the "Ryan Homes" which they advertised were built by Lancaster Homes, Inc. There is no suggestion in any of the appellants' advertising that the appellants have any connection with the Rochester Ryans. In contrast with the petitioners' business volume of about 20 homes a year, the appellants estimate that their sales in the Rochester area will be 100 to 200 homes "within the next year or two".

Upon this record, it must be concluded that the petitioners have failed to establish by clear and convincing proof that the appellants, in using the name "Ryan" or "Ryan Homes", intended to deceive or mislead the public into believing that they were dealing with the petitioners when they were in fact dealing with the appellants or that the appellants were in some way associated or connected with the petitioners. The petitioners have failed to show that the appellants had come into the Rochester area and had begun their operations under the name of "Ryan Homes" for the purpose of trading "on petitioner's name and [taking] advantage of the reputation which petitioner had achieved over the years" (*Matter of Playland Holding Corp.* v. *Playland Center*, 1 N Y 2d 300, 303–304). It appears rather that the appellants' entry into the Rochester area was part of the natural expansion of the appellants' business from Pennsylvania into Ohio and Western New York. The name which the appellant Ryan Homes, Inc., used was the family name of its principal stockholder, which it had used for a long time in Pennsylvania and under which it had won Nationwide recognition.

There is nothing in the papers to indicate that the appellants sought to profit, or indeed that they would profit, by leading the public to believe that they were a part of the petitioners'

operations. As has been noted, there was no attempt on the part of the appellants to simulate the petitioners' advertising or to use symbols or slogans similar to those used by the petitioners.

In the absence of a clear demonstration that the appellants intended to trade upon and exploit the petitioners' reputation, the petitioners' claim for relief under section 964 of the Penal Law falls. An actual fraudulent intent is the essence of the wrong under the Penal Law section (see cases *supra*). The case then becomes one of adjusting the rights of the parties in accordance with the principles of the law of unfair competition so that confusion of the public growing out of the similarity of the trade names of the parties may be avoided. For this relief, recourse must be had to a plenary suit in equity. Relief may be granted in equity, without a showing of an intent to deceive or mislead the public into believing that the defendant's business is connected with the plaintiff's, if there is a reasonable probability of the public's being confused by the similarity of the names (Restatement, Torts, § 717; Restatement, Torts, 2d, Tentative Draft No. 8, § 717). But the risk of confusion may be avoided by measures short of a complete prohibition of the appellants' use of the name Ryan in any form.

In a proceeding under section 964 of the Penal Law, the petitioner is either entitled to a complete prohibition of the use of the trade name or he is not entitled to any relief. " [I]n a plenary action in equity the relief may be fashioned in less absolute terms than would be available under section 964 " (*Matter of Industrial Plants Corp.* v. *Industrial Liquidating Co.*, 286 App. Div. 568, 572, *supra*). The petitioners' proper remedy is a plenary action in equity.

The order appealed from should be reversed and the petition dismissed, without prejudice to the bringing of a plenary suit in equity.

BASTOW, J. P., GOLDMAN and McCLUSKY, JJ., concur.

Order unanimously reversed and petition dismissed, without costs of this appeal to any party.