■ In the Matter of MYRNA FELDMAN, Petitioner, v BOARD OF EDUCATION, CHAPPAQUA CENTRAL SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent board of education, dated October 6, 1975 and made after a hearing, which, upon a finding that petitioner was guilty of conduct unbecoming a teacher, insubordination and neglect of duty, dismissed her from her teaching position. Determination confirmed and proceeding dismissed on the merits, without costs but with disbursements to respondent. Petitioner was given adequate notice of the charges; she has admitted the underlying acts; the penalty of dismissal is not shockingly disproportionate to the offense (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.

■ In the Matter of HARVEY OSHINSKY, Respondent, v THOMAS D. NICHOLSON et al., Appellants.—In a proceeding commenced pursuant to CPLR article 78 to compel appellants to convene a hearing to review the termination of petitioner's employment, in which a judgment was entered in favor of petitioner on October 1, 1975, the appeal (by permission) is from an order of the Supreme Court, Nassau County, dated January 27, 1976, which denied appellants' application to vacate the said judgment (misdescribed as an order in the order appealed from). Order reversed, on the law and in the interest of justice, without costs or disbursements, motion granted, and the article 78 proceeding is converted into an action to compel specific performance of a contract. The time within which plaintiff, heretofore the petitioner, may serve his complaint is extended until 20 days after entry of the order to be made hereon. Private contractual rights may not be resolved in CPLR article 78 proceedings seeking relief in the nature of mandamus *(Matter of Corbeau Constr. Corp. v Board of Educ.,* 32 AD2d 958). Our determination that petitioner prosecuted his action in an improper form and requested relief to which he is not entitled does not, however, serve to put him out of court. CPLR 103 (subd [c]) provides that once a court has obtained jurisdiction over the parties in a "civil judicial proceeding" the proceeding "shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution" (see *Matter of Phalen v Theatrical Protective Union No. 1,* 22 NY2d 34). Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.