(November 14, 1977)

■  COUNTY OF NASSAU, Appellant, v WALT STERLING et al., Respondents. —In a proceeding pursuant to section 133 of the General Business Law, *inter alia,* to enjoin respondent Sterling from using the name "Nassau Veterans Memorial Coliseum-Official Name Enforcement", the appeal is from an order of the Supreme Court, Nassau County, dated May 5, 1977, which denied the application. Order reversed, on the law, without costs or disbursements; the proceeding pursuant to section 133 of the General Business Law is converted into a plenary action for injunctive relief and, as such, the action is remanded to Special Term for further proceedings not inconsistent herewith. The time within which plaintiff, heretofore the petitioner, may serve its complaint is extended until 20 days after entry of the order to be made hereon. Petitioner, which owns and operates the Nassau County Veterans Memorial Coliseum, commenced this proceeding "pursuant to section 133 of the General Business Law, and in Equity," to enjoin respondent Sterling from using the trade name "Nassau Veterans Memorial Coliseum-Official Name Enforcement". Respondent Sterling failed to appear in the proceeding at Special Term. (Respondent Sterling also made no appearance upon this appeal. Respondent McConnell, County Clerk of Nassau County, has also failed to appear.) Special Term denied the application because "petitioner has failed to establish clear and convincing proof that the respondent adopted the use of the name in question for the purpose of deceiving or misleading the public * * * While mere proof of the adoption of a similar name, without any evidence of intention, deception or damage, may be sufficient grounds for an injunction in a plenary action, it is not sufficient under GBL § 133". Although a review of the case law indicates that Special Term was correct in holding that petitioner had failed to meet the high standard of proof required to obtain summary relief under section 133 of the General Business Law (see *Association of Contr. Plumbers of City of N. Y. v Contracting Plumbers Assn. of Brooklyn & Queens,* 302 NY 495, 498; *Matter of Playland Holding Corp. v Playland Center,* 1 NY2d 300, 303; *Matter of Dunkin' Donuts of Amer. v Dunkin Donuts,* 8 AD2d 228), it is also clear from the record that petitioner's case has merit (see *Columbia Broadcasting System v Columbia of New York,* 97 NYS2d 455, affd 277 App Div 856). Inasmuch as petitioner sought relief pursuant to general principles of equity, as well as pursuant to section 133 of the General Business Law, it was error for Special Term simply to deny the application. That petitioner prosecuted this action in an improper form does not serve to put it out of court. CPLR 103 (subd [c]) provides that "If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution." (See *Matter of Phalen v Theatrical Protective Union No. 1,* 22 NY2d 34; *Matter of Oshinsky v Nicholson,* 55 AD2d 619.) Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.