■ FAST TRAK STRUCTURES, INC., Respondent, v R-J TAYLOR GENERAL CONTRACTORS, INC., et al., Appellants.—Order unanimously reversed, on the law, without costs, and proceeding dismissed, without prejudice to the commencement of a plenary suit in equity. Memorandum: Gordon V. Holmes, president of petitioner Fast Trak Structures, Inc., and Richard S. Taylor, the majority shareholder of respondent R-J Taylor General Contractors, Inc., previously conducted a general construction business together as equal owners of Rochester Fast Trac Construction, Inc. This corporation actively engaged in the business of "fast-track construction", a nationally recognized process for constructing commercial buildings. Because of business disagreements, Holmes and Taylor ceased doing business together and formed separate corporations, each specializing in "fast-track" construction. The parties agree that petitioner Fast Trak Structures, Inc. and respondent R-J Taylor General Contractors, Inc. directly compete for business in the general Rochester area. When respondents obtained an additional listing in the Rochester telephone directory under the title of "Fast Track Construction Systems", which appeared immediately ahead of petitioner's ad in both the yellow and white pages, petitioner commenced this proceeding pursuant to General Business Law § 133 seeking to enjoin respondents from the use of said name or any other simulation, derivation or approximation thereof. In its petition, petitioner set forth its efforts to promote its corporate name and reputation and claimed that respondents' use of "Fast Track Construction Systems" in their advertising was designed to deceive and mislead the public. Respondents claim the term "fast-track construction", as applied to the parties' competing construction businesses, is generic and descriptive, so that no entity could properly claim exclusive rights to its use, and in any event, respondents assert that petitioner's use of the name "fast-trak" was improperly capitalizing on the formerly co-owned corporate name.

In order for petitioner to be granted summary relief, there must be clear, undisputed proof that respondents intended to trade upon or exploit petitioner's name *(Association of Contr. Plumbers v Contracting Plumbers Assn.,* 302 NY 495; *Liosis v*

*Maratos,* 28 AD2d 1115). Here, the intent to deceive and the likelihood of deceiving the public are controverted. Also, in their affidavit in opposition, the respondents raised an issue as to whether the term "fast-track construction" as applied to the parties' competing construction businesses is generic and descriptive, so that no entity could properly claim exclusive rights to its use. The use of a descriptive or generic phrase as part of a trade name does not give a party exclusive rights in the phrase *(see, e.g., Allied Maintenance Corp. v Allied Mechanical Trades,* 42 NY2d 538). Although petitioner asserts on appeal that it has never claimed that it has the sole right to use the term "fast-track construction", nevertheless, the sweeping injunctive provisions of the order appealed from have precisely that effect. Moreover, there is a pending proceeding for judicial dissolution of Rochester Fast-Trac Construction, Inc. in which one of the issues to be resolved is whether the name "Fast-Trac" is a valuable asset of the corporation and whether petitioner's principal owner should be equitably estopped from using the name in connection with its new corporation.

Under all the circumstances presented in this record, and in view of the pendency of the separate and related proceeding, Special Term erred in summarily enjoining respondents from using the name Fast Track Construction Systems or any other simulation, derivation or approximation thereof in conjunction with advertising their building business. Thus, the petition under General Business Law § 133 is dismissed without prejudice to petitioner commencing a plenary suit in equity *(see, e.g., Association of Contr. Plumbers v Contracting Plumbers Assn., supra; Matter of Specialty Box & Packaging Co. v Tobin Howe Specialty Co.,* 59 AD2d 961; *County of Nassau v Sterling,* 59 AD2d 902; *Matter of Ryan & Son v Lancaster Homes,* 19 AD2d 14; *Matter of Industrial Plants Corp. v Industrial Liquidating Co.,* 286 App Div 568). The plenary action could then be consolidated with the pending dissolution proceeding and all issues relating to the rights of the respective parties can be resolved in one proceeding. (Appeal from order of Supreme Court, Monroe County, Contiguglia, J.—General Business Law § 133.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.