■ ADIRONDACK APPLIANCE REPAIR, INC., Respondent, v ADIRONDACK APPLIANCE PARTS, INC., Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Ford, J.), entered January 15, 1988 in Saratoga County, which, *inter alia,*

granted plaintiff's motion for a preliminary injunction enjoining defendant from using a corporate name similar to plaintiff's name.

The underlying action in this case is one for trademark infringement, unfair competition and dilution of and injury to a business's reputation *(see,* General Business Law § 368-d). Both plaintiff, Adirondack Appliance Repair, Inc., and defendant, Adirondack Appliance Parts, Inc., are engaged in substantially the same business, namely, that of the maintenance and repair of electrical and gas appliances and the sale of parts therefor. Plaintiff was incorporated on April 7, 1978 with its principal place of business in Saratoga County although it also has extensive business activities located in Albany, Warren, Schenectady, Rensselaer and Montgomery Counties. Defendant was incorporated on May 18, 1984 and its principal place of business is in the City of Amsterdam, Montgomery County. Prior to this time, defendant operated under the name of "Cooperative Maintenance".

At some point after defendant's incorporation, plaintiff's attention was directed to the use by defendant of the phrase "Adirondack Appliance" in its corporate name. Plaintiff reportedly began receiving numerous calls from customers, suppliers and distributors who were confused as to the identities of the respective corporations. Two letters sent by plaintiff's attorneys to defendant pointing out the confusion and requesting that defendant cease using that name brought no response from defendant. Accordingly, plaintiff commenced this action alleging, *inter alia,* that defendant deliberately chose its name for the purpose of deceiving the public and capitalizing on the reputation and substantial goodwill plaintiff already enjoyed in its field. Along with damages and a permanent injunction, plaintiff sought a preliminary injunction restraining and enjoining defendant from using the term "Adirondack Appliance" in any connection with its business. Supreme Court ultimately granted plaintiff's motion for preliminary injunctive relief and plaintiff executed an undertaking in the amount of $50,000. This appeal followed.

We affirm. The standard for granting preliminary injunctive relief is well known. There must be "a demonstration of the likelihood of ultimate success on the merits, irreparable injury absent a grant of injunctive relief and a balancing of the equities in favor of the applicant" *(Little India Stores v Singh,* 101 AD2d 727, 728). The issuance of a preliminary injunction is traditionally discretionary with the court *(see, Longfield v Ronk,* 122 AD2d 409). We find that Supreme Court did not

abuse its discretion by granting plaintiff's request for injunctive relief in this instance.

In order to state a cause of action for either trademark infringement or unfair competition, a showing is required that the public is likely to confuse the defendant's name with that of the plaintiff (see, *Allied Maintenance Corp. v Allied Mechanical Trades*, 42 NY2d 538, 543). In an action for trademark infringement, it is also necessary to show that the name has acquired a secondary meaning (*supra*, at 542, n 2). A secondary meaning is established when it is shown that a trade name has become so associated in the public's mind with the plaintiff that it identifies goods sold by that entity as distinguished from goods sold by others (see, *supra*, at 543, n 2). Significantly, actions brought for injunctive relief pursuant to the antidilution statute do not require a showing of confusion as long as a secondary meaning is established (*supra*, at 545; see, General Business Law § 368-d).

Here, plaintiff has adequately established a likelihood of confusion and secondary meaning sufficient to demonstrate a probable success on the merits of its causes of action. It is undisputed that plaintiff had been established for several years prior to defendant's incorporation under the new name (see, *Anti-Defamation League of B'nai B'rith v American Italian Anti-Defamation League*, 54 Misc 2d 830, 834-835). Plaintiff was known to knowledgeable dealers in the industry by the abbreviated name of "Adirondack Appliance". As a result, extensive confusion has resulted among plaintiff's customers, suppliers and wholesalers due to defendant's choice of name. Further, plaintiff alleged that it received numerous complaints from consumers concerning poor service which plaintiff later learned was actually performed by defendant's service persons.

Under these circumstances, defendant's name change apparently allowed it to capitalize on and dilute the goodwill and reputation enjoyed by plaintiff. Loss of customer goodwill may constitute irreparable harm and can justify the grant of preliminary injunction (see, *Optivision v Syracuse Shopping Center Assocs.*, 472 F Supp 665). Despite defendant's vague contentions that its business will be severely prejudiced if forced to change its name, we find that the equities tip in plaintiff's favor and that the preliminary injunction was properly granted. Assuming that defendant adopted its new name in good faith, purportedly to capture premiere placing in the telephone directory, a showing of bad faith or fraudulent intent is not a prerequisite to the granting of injunctive relief

*(see, Hill's Supermarkets v Stony Brook Dairies,* 7 AD2d 756, *affd* 8 NY2d 1133).

Defendant's remaining arguments have been considered and have been found to be without merit.

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.