*293 OPINION OF THE COURT
Bernard J. Malone, Jr., J.
In this unfair competition case based on service mark infringement, plaintiff moves for entry of summary judgment in its favor permanently enjoining defendant from utilizing the mark “APRS” or “A.P.R.S.”* in connection with its attorneys’ services business and for damages related to defendant’s prior willful and deliberate use of the mark. Defendant opposes the motion and cross-moves for an extension of time to complete further discovery.
The touchstone issue herein is whether plaintiff has made a prima facie showing of unfair competition through mark infringement. As previously noted by Mr. Justice Kahn, “under the common law of New York, the ‘palming off of one’s goods or services as those of another constitutes unfair competition * * * ‘The gravamen of an unfair competition claim for “palming off” “is that the labors and expenditures of the plaintiff[ ] have been misappropriated by the defendants, and are likely to cause confusion among the purchasing public as to the origin of the product” ’ ” (Attorney’s Process & Research Serv. v American Process & Research Corp., Sup Ct, Albany County, May 1, 1996, Kahn, J., quoting Bristol-Myers Squibb Co. v McNeill—P.P.C., Inc., 786 F Supp 182, 216, affd in part, revd in part 973 F2d 1033; and see, Shaw v Time-Life Records, 38 NY2d 201; Adirondack Appliance Repair v Adirondack Appliance Parts, 148 AD2d 796). Analyzing the case law, this court granted plaintiff a temporary injunction enjoining defendant from using the “APRS” acronym and forced defendant to withdraw its certificate of assumed name previously filed in the Secretary of State’s office.
This litigation has now progressed and the matter has become ready for trial. The issues have been fully briefed, and this court now believes that summary judgment in favor of plaintiff is warranted. Plaintiff has shown through its own affidavits, various documentary evidence, and defendant’s own admissions that the “APRS” mark is protectable, that plaintiff used it first, and that defendant’s use would (and has) cause confusion (see, Shaw v Time-Life Records, supra; Adirondack Appliance Repair v Adirondack Appliance Parts, supra; see *294 generally, Two Pesos v Taco Cabana, 505 US 763; Norden Rest. Corp. v Sons of Revolution, 51 NY2d 518; Dell Publ. Co. v Stanley Publs., 9 NY2d 126; see also, Lanham Act § 43 [a], 15 USC § 1125 [a]).
Specifically, plaintiff has shown that it made use of the “APRS” mark in advertisements as early as 1984 as opposed to defendant’s first use in 1992 when it filed a certificate of assumed name. Moreover, through two affidavits submitted by nonparty affiants, plaintiff has shown that confusion has and/or will develop as a result of defendant’s use of the “APRS” mark. Finally, plaintiff has shown that defendant acted willfully and deliberately to prevent plaintiff’s use of its own mark as is evidenced by defendant’s admission in the form of a 1995 letter to the New York Lawyers Diary and Manual. In light of the evidence submitted by plaintiff and the failure of defendant to raise a triable issue, summary judgment is granted (see, Andre v Pomeroy, 35 NY2d 361; Village of Chatham v Board of Fire Commrs., 90 AD2d 860). Defendant is permanently enjoined from using the mark “APRS” in conjunction with an attorneys’ services business.
Turning next to the issue of damages, it is settled that a compensatory and/or punitive damages award, including payment of attorney’s fees can be imposed on a defendant who acts in bad faith, or acts deliberately or willfully to infringe on a plaintiffs service mark (see, e.g., Bambu Sales v Ozak Trading, 58 F3d 849; Centaur Communications v A/S/M Communications, 652 F Supp 1105, 1115). This court has made a finding that defendant acted willfully in attempting to interfere with plaintiff’s use of the “APRS” mark by registering under that acronym for an assumed business name and by attempting to force a publisher to prevent plaintiff from using the mark in an advertisement. This court is not, however, satisfied with plaintiff’s argument that it is entitled to a $30,000 damage award in the absence of proof supporting same. Accordingly, this court finds that the question of what damages should be awarded is a question best left to a jury. As the matter is trial ready and a day certain for June 15, 1998 has been set, an immediate trial will be held on the issue of damages, pursuant to CPLR 3212 (c).
Defendant’s motion for an extension of time in which to complete discovery is rendered academic by this court’s above *295 decision and is, therefore, denied. Defendant’s counterclaim for sanctions on the basis of frivolous conduct is likewise dismissed based on a finding in plaintiffs favor on the underlying action.

 For purposes of this decision, the court refers to the mark as “APRS”. However, as noted by plaintiff, there is no substantial difference between “APRS” or “A.P.R.S.” and, therefore, the relief granted below will apply to both variations.