■ WYNDHAM COMPANY et al., Respondents-Appellants, v WYNDHAM HOTEL CORPORATION et al., Appellants-Respondents. [691 NYS2d 34] —Order, Supreme Court, New York County (Jane Solomon, J.), entered November 20, 1998, which directed that judgment be entered in accordance with the order and partial judgment of the same court (Norman Ryp, J.), entered on or about February 23, 1998, declaring that plaintiffs are entitled to the exclusive use of the name and mark "Wyndham" in connection with the operation of their hotel in Manhattan, enjoined defendants from using such name and mark in connection with their advertising or operating a hotel in Manhattan until the expiration of plaintiffs' lease, and, in connection with defendants' use of such name or mark in advertising or operating hotels in New York State outside of Manhattan, required, *inter alia*, that there be appended to any and all uses of such name or mark a disclaimer of any affiliation with plaintiffs' hotel in Manhattan, unanimously affirmed, with costs.

The challenged injunction is sufficiently supported by evi-

dence showing that plaintiffs had enjoyed 20 years of exclusive use of the name "Wyndham", realizing an almost unprecedented rate of sales success by maintaining an 80% or higher occupancy rate, that their hotel has received many favorable unsolicited writeups in travel guides and periodicals, that defendants' New York business office receives telephone inquiries from potential customers attempting to reach plaintiffs' hotel, and that a national survey indicated that a third of the traveling public believed there was relationship between plaintiffs' hotel and the Wyndham hotel defendants are operating near LaGuardia Airport (see, *Allied Maintenance Corp. v Allied Mech. Trades*, 42 NY2d 538, 542-543). There is no merit to defendants' claim of laches based on plaintiffs' acquiescence in defendants' use of the name Wyndham outside New York for 10 years, it appearing that plaintiffs acted immediately upon learning that defendants intended to expand their use of the Wyndham name to New York. While defendants are correct that plaintiffs' Lanham Act claim is inconsistent with the position they took in prior Federal court litigation, as the elements of Landham Act relief are virtually identical to those under General Business Law former § 368-b, any error by the trial court in applying the elements of the Lanham Act was harmless. The injunction is neither overly burdensome to defendants nor too narrow in area to protect plaintiffs. Concur—Rosenberger, J. P., Williams, Rubin, Mazzarelli and Friedman, JJ.