■ FRANK's REST., INC., Appellant, v LAURAMAR ENTERPRISES, INC., Respondent. [711 NYS2d 433] —In an action, *inter alia,* to enjoin the defendant from using the words "Frank's Steaks" in any manner in the name of its restaurant, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered April 26, 1999, which denied its motion for a preliminary injunction and granted the defendant's cross motion to dismiss the first cause of action.

Ordered that the order is modified by deleting the provision thereof denying the plaintiff's motion for a preliminary injunction and substituting therefor a provision granting the motion; as so modified, the order is affirmed, with costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, to fix the amount of the undertaking to be provided by the plaintiff.

The plaintiff commenced this action, *inter alia,* pursuant to General Business Law § 133 and in equity, to enjoin the defendant from using the words "Frank's Steaks" in the name of its restaurant. The Supreme Court denied the plaintiff's motion for a preliminary injunction and dismissed the first cause of action based on General Business Law § 133.

Contrary to the Supreme Court's determination, the plaintiff is not estopped from litigating its entitlement to a preliminary injunction based on an order dated November 21, 1994, entered in an action entitled *Del Priore v Gindel,* which had been pending in the Supreme Court, Nassau County, under index No. 17430/88. The doctrine of collateral estoppel "rests upon the sound premise that once a party has had a full and fair op-

portunity to litigate a particular issue, that party may not re-litigate the same issue" (*Patco Homes v Boyle,* 260 AD2d 455, 456). The issue decided by the Supreme Court's prior decision in *Del Priore v Gindel* was whether the defendant's predecessor in interest violated a judgment entered September 30, 1993, precluding him from using the name "Frank's Steaks." That judgment was entered in an action to recover damages, *inter alia,* for breach of contract. In the case at bar, the plaintiff seeks injunctive relief based on theories of trademark infringement and unfair competition. Accordingly, collateral estoppel does not bar the plaintiff from seeking injunctive relief.

While mere proof of the adoption of a similar name, without any evidence of intention, deception, or damage, is an insufficient ground for summary relief under General Business Law § 133 (*see, Association of Contr. Plumbers v Contracting Plumbers Assn.,* 302 NY 495; *County of Nassau v Sterling,* 59 AD2d 902; *Matter of Specialty Box & Packaging Co. v Howe Specialty Co.,* 59 AD2d 961), a plaintiff is entitled to an injunction in equity where the plaintiff can show that the defendant's use of the trademark is likely to cause confusion, mistake, or deception; actual confusion need not be shown (*see, Allied Maintenance Corp. v Allied Mech. Trades,* 42 NY2d 538, 543). "Nor is it any excuse or justification that defendant is using his own name or any part of it, or that the parties are not in actual competition or in identically the same line of business" (*Harvey Mach. Co. v Harvey Aluminum Corp.,* 9 Misc 2d 1078, 1081; *see also, Sullivan v Sullivan Radio & T.V.,* 1 AD2d 609, 610-611).

The plaintiff provided no conclusive evidence of intent to deceive or mislead. As a consequence, the Supreme Court properly dismissed the cause of action asserted under General Business Law § 133. However, the plaintiff did show that the defendant has adopted and is using a name similar to the plaintiff's name and registered service mark, and that such use has resulted in deception and confusion. Thus, the plaintiff is entitled to a preliminary injunction.

The defendant's affirmative defense of laches is inapplicable. It is well established that laches does not constitute a defense in trademark infringement actions unless it amounts to an abandonment of the plaintiff's right to exclusive use or unless it creates an estoppel (*see, Metropolitan Opera Assn. v Metropolitan Artists,* 27 Misc 2d 572, 573, *affd* 13 AD2d 480; *Tiffany & Co. v Tiffany Prods.,* 147 Misc 679, *affd* 237 App Div 801, *affd* 262 NY 482; *see also, Wyndham Co. v Wyndham Hotel Corp.,* 261 AD2d 242, 243). Ritter, J. P., Santucci, S. Miller and Goldstein, JJ., concur.