OPINION OF THE COURT
Anthony. L. Parga, J.
Motion by the plaintiff for an order permanently enjoining *595 the defendant from using the names “Blaich” and “Blaich Associates” is granted to the extent that the plaintiff is granted a preliminary injunction enjoining the defendant from using the name “Blaich Associates” in any capacity.
The plaintiff, Blaich Associates, Inc., was formed on March 12, 1962 for the purpose of conducting a real estate and insurance brokerage business. On January 3, 1979, plaintiff’s board of directors passed a resolution consenting to the proposed incorporation of a business which would use as its corporate name Blaich House and Home Realty, Inc. The resolution stated that the board was “of the opinion that the name Blaich House and Home Realty, Inc., does not so nearly resemble the corporate name of ‘Blaich Associates, Inc.’ as to tend to confuse or deceive.” Thereafter, on February 20, 1979, Blaich House and Home Realty, Inc. was incorporated for the purpose of conducting a real estate agency and brokerage business. Both businesses were located at 321 Piándome Road in Manhasset until April 1987, when the plaintiff moved its business to 240 Piándome Road in Manhasset. No proof has been submitted by either party as to whether the plaintiff continues to function as a real estate agency and brokerage. However, the defendant contends that Blaich House and Home Realty, Inc. had taken over the plaintiff’s real estate business, and that the plaintiff operates exclusively as an insurance agency. In June 1999, Blaich House and Home Realty, Inc. and Coach Realty, Inc. merged and became the defendant herein, Coach/Blaich Real Estate of Manhasset Inc. A certificate of incorporation for this real estate brokerage company was filed with the New York Department of State on June 22, 1999.
The plaintiff contends that the defendant has intentionally confused and misled the public, and has traded on plaintiff’s good will, by appropriating the use of the name “Blaich Associates” in the 2000-2001 edition of the Manhasset Yellow Book and on an awning in front of its premises. The defendant does not deny doing this, and admits that on November 8, 1999, it filed with the New York Department of State a certificate of assumed name for the purpose of using the name “Coach Realtors Blaich Associates.”
Trade names are “valuable business assets” and property rights which were protected under the common law (see, Siegel Co. v Federal Trade Commn., 327 US 608, 612; Wyndham Co. v Wyndham Hotel Co., 176 Misc 2d 116, 126, affd 261 AD2d 242), and are now also protected by Federal and State statutes. In New York, there are two applicable statutes to the case at bar. General Business Law § 133 directs in relevant part that
*596 “[n]o person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes or for the purposes of trade, or for any other purpose, any name * * * or a part of any name * * * which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation * * * Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction * * * to enjoin and restrain such actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby.”
The plaintiff can also seek injunctive relief pursuant to General Business Law § 360-Z, which became effective January 1, 1997, and provides that the “[ljikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services” (see also, 15 USC § 1125 [c] [1] [the Federal Trademark Dilution Act of 1995]). “Dilution” under this statute has been described “as the loss of the ‘ability to clearly and unmistakenly distinguish one source’ ” (Nabisco, Inc. v PF Brands, 191 F3d 208, 216 [2d Cir 1999], quoting Hormel Foods Corp. v Jim Henson Prods., 73 F3d 497, 506 [2d Cir 1996]).
The standard for granting preliminary injunctive relief under these circumstances is well settled in this State and in this Federal Circuit. The plaintiff must show “(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping *597 decidedly toward the party requesting the preliminary relief’ (Jackson Dairy v Hood & Sons, 596 F2d 70, 72 [2d Cir 1979]). Irreparable harm is shown by demonstrating that the plaintiff will lose control over the reputation of its trade name pending trial (see, McDonald’s Corp. v Kristina Denise Enters., 1999 US App LEXIS 20946, 1999 WL 709980, reported without opn 189 F3d 461 [2d Cir 1999]; Power Test Petroleum Distribs. v Calcu Gas, 754 F2d 91, 95 [2d Cir 1985]). Thus, the plaintiff will be entitled to an injunction if it shows that defendant’s use of the plaintiffs trade name “is likely to cause confusion, mistake, or deception; actual confusion need not be shown (see, Allied Maintenance Corp. v Allied Mech. Trades, 42 NY2d 538, 543)” (Frank’s Rest. v Lauramar Enters., 273 AD2d 349, 350 [2d Dept 2000]).
The plaintiff has met its burden of sufficiently establishing both prongs of this test. The name “Blaich Associates” has been linked with the plaintiff in the Manhasset community for almost 40 years. “Blaich Associates” is not a common name, and appears to be one which has a distinctive quality (cf., Allied Maintenance Corp. v Allied Mech. Trades, supra, at 545-546). It is clear that the defendant has only been authorized to use the name “Coach/Blaich Real Estate of Manhasset Inc.,” and not “Blaich Associates,” as the name of its business. However, the defendant’s visual display and advertisement of the name “Blaich Associates” instead of “Blaich Real Estate,” coupled with its nearby location, are likely to confuse the public and dilute plaintiffs trade name by giving the public the misleading impression that the defendant is affiliated with or approved by the plaintiff (see, Nabisco, Inc. v PF Brands, supra, at 217; cf., Allied Maintenance Corp. v Allied Mech. Trades, supra; Paco Sport v Paco Rabanne Perfumes, 2000 US App LEXIS 29570, 2000 WL 1721126, reported without opn 234 F3d 1262 [2d Cir]).
Accordingly, the motion by the plaintiff for an order granting a preliminary injunction in its favor is granted to the extent that the defendant is enjoined from using the name “Blaich Associates” in any capacity pending the trial of this action (see, Frank’s Rest. v Lauramar Enters., supra; Diller v Steurken, 185 Misc 2d 274, 277; Wyndham Co. v Wyndham Hotel Co., supra; Nabisco, Inc. v PF Brands, supra; McDonald’s Corp. v Kristina Denise Enters., supra; cf., Federal Express Corp. v Federal Espresso, 201 F3d 168). The branch of plaintiffs motion for an order enjoining the .defendant from using the name “Blaich” is denied as the plaintiff has not furnished any proof *598 that it is the only entity entitled to exclusively use the name “Blaich.”
The plaintiff shall post a bond in the amount of $10,000 within 30 days after the entry of this order.