OPINION OF THE COURT
Thomas F. Whelan, J.
Ordered that the motion by plaintiff seeking an order, pursu *647 ant to CPLR 6311, preliminarily enjoining and restraining defendants, during the pendency of this action, from utilizing the name “Gas Heaven,” is granted.
Plaintiff commenced this action, sounding in trade name/ mark infringement, dilution, and unfair business competition, for a judgment permanently enjoining defendant from utilizing the name “Gas Heaven” in any manner. Plaintiff obtained a temporary restraining order concurrent with the instant order to show cause.
Plaintiff’s gasoline and service center has been known as “Gas Heaven” or “Gasoline Heaven” since 1960. The business enjoys a large customer base, services hundreds of cars daily, and employs 25 to 30 employees who wear the “Gas Heaven” logo on some portion of their attire, year-round. Plaintiff’s owner, Rudolph Massa, has worked at the business since 1968, and the station is álso known as “Rudy’s Gas Heaven.” Plaintiff’s submissions establish that the business has a long-established name recognition, has supported many community sports teams whose members wear its logo (Gas Heaven) on their uniforms, and has enjoyed a community reputation for superior service. The owner’s style and management techniques are well respected in the industry and are unique enough to have warranted articles in the Wall Street Journal and New York Times. The name “Gas Heaven” and/or “Rudy’s Gas Heaven” has been nurtured and fostered over the years by expenditures on advertising and community involvement, which has been acknowledged by the various leagues, as well as by town proclamation. Since at least 1977, the business has been incorporated as Gasoline Heaven at Commack, Inc.*
Defendant does not dispute that it is also in the business of selling gasoline but argues that there are fundamental differences between the two Gas Heavens. Defendant, unlike plaintiff, does not perform any automobile repairs and maintenance, and, also unlike plaintiff, will be offering food in its “food mart.” Defendant “Nesconset Gas Heaven” is located at 560 Middle County Road, Saint James, six or seven miles east of plaintiff’s business and has been so registered with the Department of State since 1993. Apparently, previous to December 2001, defendant’s station signs listed the gasoline *648 brand and prices, but did not use the name “Gas Heaven.” It was not until December 2001, with defendant’s new sign informing the public of the coming food mart, and using “Gas Heaven,” that plaintiff began getting communications and congratulations on its new station. Although defendant offered copies of credit card receipts and gasoline invoices with the name “Nesconset Gas Heaven,” defendant has not offered any evidence to support its allegation that it enjoyed name recognition as “Gas Heaven” prior to the December 2001 sign.
The gravamen of plaintiff’s argument is that defendant is now trading on its well-established business name recognition, reputation, and community good will via the newly installed sign. The newly installed sign has created confusion in the community as evinced by the 27 separate affidavits of customers who have been patronizing plaintiff’s business for many years, ranging from 8 years to 40 years, and who acknowledge that they so associate the name Gas Heaveii with plaintiff that they presumed defendant’s new Gas Heaven sign was a premises also owned and operated by plaintiff. Plaintiff also alleges that the confusion has eclipsed to its suppliers as well.
It is well settled that in order to state a cause of action for either trademark infringement or unfair competition, a showing is required that the public is likely to confuse the defendant’s name with that of the plaintiff (see, Allied Maintenance Corp. v Allied Mech. Trades, 42 NY2d 538 [1977]). Injunctive relief is available pursuant to General Business Law § 360-Z, which provides that the “[ljikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.” In an action for trademark infringement (General Business Law §§ 133, 360-k), it is also necessary to show that the name has acquired a secondary meaning. A secondary meaning is established when the trademark or name’s primary significance to the consuming public is not the descriptive information it imparts, but rather the mark’s association “with the plaintiffs services” (Staten Is. Bd. of Realtors v Smith, NYLJ, May 1, 2002, at 24, col 3, citing Washington Speakers Bur. v Leading Auths., 33 F Supp 2d 488 [1999], affd 217 F3d 843 [2000]; see also, Allied Maintenance Corp. v Allied Mech. Trades, supra; also, 15 USC § 1125).
It is also well settled that for plaintiff to succeed in seeking preliminary injunctive relief in these circumstances, plaintiff *649 must show “(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief’ (Blaich Assoc. v Coach/ Blaich Real Estate of Manhasset, 186 Misc 2d 594, 596-597 [2000] [internal quotation marks omitted], quoting Jackson Dairy v Hood & Sons, 596 F2d 70, 72 [2d Cir 1979]). Irreparable harm is shown by demonstrating that the plaintiff will lose control over the reputation of its trade name pending trial (see, McDonald’s Corp. v Kristina Denise Enters., 1999 US App LEXIS 20946, 1999 WL 709980, reported without op 189 F3d 461 [2d Cir 1999]; Power Test Petroleum Distribs. v Calcu Gas, 754 F2d 91, 95 [2d Cir 1985]). Therefore, the plaintiff will be entitled to an injunction if it shows that defendant’s use of the plaintiffs trade name “is likely to cause confusion, mistake, or to deceive; actual confusion need not be shown” (see, Allied Maintenance Corp. v Allied Mech. Trades, supra at 543). “Nor is it any excuse or justification that defendant is using his own name or any part of it, or that the parties are not in actual competition or in identically the same line of business” (see, Frank’s Rest. v Lauramar Enters., 273 AD2d 349, 350 [2000] [internal quotation marks omitted], quoting Harvey Mach. Co. v Harvey Aluminum Corp., 9 Misc 2d 1078, 1081 [1957]).
Here, plaintiff has established actual confusion, arguably the “best evidence of a likelihood of confusion” (Staten Is. Bd. of Realtors v Smith, supra at 24, col 3, citing Horseshoe Bay Resort Sales v Lake Lyndon B. Johnson Improvement Corp., 53 SW3d 799 [Tex 2001]). Plaintiff has established actual confusion and defendant has not controverted same. Defendant’s main argument in opposition is that its name “Nesconset Gas Heaven” has been so registered since 1993 and that, therefore, “the statute of limitations has expired” and that the distance between the two stations dictates the public’s choice, not the name of the station. However, defendant does not raise a serious counterargument to the actual confusion shown nor has it offered any evidence that its station enjoyed specific name recognition as Gas Heaven before the new sign. Moreover, defendant has not suggested any hardship that would befall it by granting the preliminary injunction sought.
Therefore, plaintiff has shown “plain from the undisputed facts” (see, Sumiko Enters. v Town Realty Co., 259 AD2d 483 [2d Dept 1999] [internal quotation marks omitted]) that the injury to be sustained without the injunction is more burden *650 some to it than any alleged harm caused to defendant through imposition of the injunction (see, McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165 [2d Dept 1986]; Metropolitan Package Store Assn. v Koch, 80 AD2d 940 [3d Dept 1981]). In balancing the equities, the court is mindful that the purpose of the preliminary injunction is to preserve the status quo (see, Bur-max Co. v B & S Indus., 135 AD2d 599 [2d Dept 1987]). Accordingly, the motion is granted and defendant is hereby enjoined from utilizing the name “Gas Heaven” or “Gasoline Heaven” and/or advertising itself as “Gas Heaven” or “Gasoline Heaven” during the pendency of this action.

 Although plaintiffs complaint lists its address as 2088 Jericho Turnpike, Commack, and the filing information lists the address as 6143 Jericho Turnpike, Commack, this difference is not dispositive for the current inquiry (see, General Business Law § 360-/).