■ In the Matter of STATEN ISLAND BOARD OF REALTORS, INC., Respondent, v DARREN SMITH et al., Appellants. [749 NYS2d 267] —In a consolidated proceeding pursuant to General Business Law § 133 to permanently enjoin Darren Smith, Darren Smith doing business as Staten Island MLS.com, American MLS.com, Inc., and Staten Island Multiple Listing Service, Inc., from using the name "Staten Island MLS.com" and/or any variations thereof, the appeal is from (1) an order of the

Supreme Court, Richmond County (Gigante, J.), dated February 28, 2002, denying the appellants' motion to confirm the report of a Judicial Hearing Officer, dated October 2, 2001, which, after a hearing, recommended denial of the application for an injunction, and granted the cross motion of the petitioner, Staten Island Board of Realtors, Inc., to vacate the report and grant the requested injunctive relief, and (2) a judgment of the same court, dated April 2, 2002, which, inter alia, granted the requested injunctive relief.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The petitioner has operated a real estate multiple listing service under the name "Staten Island Multiple Listing Service" and/or its abbreviations for over 20 years. In 2000, the appellants registered the website domain name "StatenIslandMLS.com." The petitioner commenced two proceedings pursuant to General Business Law § 133 to enjoin the appellants from using the words "StatenIslandMLS.com" and/or any variations thereof in its name or in connection with any part of their business. The proceedings were consolidated and the matter was referred to a Judicial Hearing Officer, who, after a hearing, recommended that the injunction be denied on the ground, inter alia, that there "was insufficient evidence of any secondary meaning" in the name. The Supreme Court disagreed with that determination, and granted the requested injunctive relief.

The appellants' contention that the petition should have been denied on the ground that there were disputed issues of fact which could not be determined summarily, and that the petitioner therefore was required to commence a plenary action is unpreserved for appellate review. The appellants participated in the hearing before the Judicial Hearing Officer without objection (*see Rosenzweig v Gomez,* 295 AD2d 592). Accordingly, they waived their claim on appeal that the petition should have been determined based upon papers alone.

The "multiple listing service" and/or its abbreviation "MLS"

is a generic term, describing listing with multiple real estate brokers. The term "Staten Island" is descriptive of the geographical area where the petitioner operates. Under the circumstances of this case, it was incumbent on the petitioner to establish that the name Staten Island Multiple Listing Service and its abbreviations had acquired a secondary meaning. "To establish secondary meaning it must be shown that through exclusive use and advertising by one entity, a name or mark has become so associated in the mind of the public with that entity or its product that it identifies the [product of] that entity and distinguishes" it from the product sold by others (*Allied Maintenance Corp. v Allied Mech. Trades,* 42 NY2d 538, 545; *see Adirondack Appliance Repair v Adirondack Appliance Parts,* 148 AD2d 796). To establish a secondary meaning, it must be established that "the primary significance of a product feature or term is to identify the *source* of the product rather than the product itself" (*Inwood Labs. v Ives Labs.,* 456 US 844, 851 n 11; emphasis supplied).

At the hearing, evidence was adduced that the appellants' use of the name created confusion with respect to the source of their service among individuals involved in the purchase and sale of real estate on Staten Island. Further, evidence was elicited that the petitioner used the name since 1977 and its advertising budget for the period from 1977 through 2001 amounted to between $7,000,000 and $10,000,000.

The evidence adduced was sufficient to establish that the petitioner's trade name acquired a secondary meaning. The evidence further established that the appellants harbored an intent to deceive the public by using the names in issue (*see Adirondack Appliance Repair v Adirondack Appliance Parts, supra*).

The appellants' remaining contentions are unpreserved for appellate review or without merit. S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.