In the Matter of FIREMAN'S ASSOCIATION OF THE STATE OF NEW YORK, Respondent, v FRENCH AMERICAN SCHOOL OF NEW YORK, Appellant. [839 NYS2d 238]—

Cardona, P.J. Appeal from an order of the Supreme Court (McNamara, J.), entered October 16, 2006 in Albany County, which, inter alia, granted petitioner a preliminary injunction enjoining respondent's use of a certain acronym.

Petitioner is a not-for-profit corporation in existence since the 1870s. With a membership of 43,000 volunteer firefighters and an annual operating budget of $11,000,000, petitioner disseminates information regarding firefighting, fire safety and emergency services to its members and to the people of the

State of New York through training and through its magazine and Internet site. Petitioner also operates a home for retired firefighters, maintains a firefighting museum, and sells related merchandise. Petitioner adopted the acronym FASNY in 1889 and uses it on its printed materials and other products, as well as on the FASNY Museum of Fire Fighting and its Web site.

Respondent is a private, not-for-profit corporation founded in 1980 that operates schools at three Westchester County locations. The schools are attended by about 650 students who are predominately children of French expatriates and foreign nationals. For approximately 20 years, respondent has used the acronym FASNY informally and, in 1997, formally incorporated FASNY into its logo—a colorized globe with FASNY written beneath it. Respondent has also used the acronym on its school yearbook, in the faculty handbook, in its written communications and on its Web site.

In 2005, petitioner learned through Internet listings that respondent was using the FASNY acronym. Petitioner promptly sent respondent a letter demanding that respondent cease using the FASNY mark, as it infringed upon petitioner's federally registered trademark. Respondent expressed disagreement with that contention, noting that petitioner's federal trademark protection covered only its logo—the letters FASNY superimposed over an outline of the State of New York. Petitioner thereafter registered the acronym FASNY—without the outline of New York—with the State of New York as both a trademark and a service mark. Petitioner notified respondent of these registrations and again demanded that respondent cease using the FASNY acronym.

Upon receiving no response, petitioner commenced this proceeding alleging statutory and common-law trademark infringement (*see* General Business Law §§ 360-k, 360-*o*), deceptive trade practices (*see* General Business Law § 133) and dilution of its mark (*see* General Business Law § 360-*l*), and seeking injunctive relief. Respondent answered and cross-moved to dismiss the petition for failure to state a cause of action. Supreme Court declined to grant petitioner relief under General Business Law § 133 or the trademark infringement claims, holding that petitioner failed to demonstrate that respondent intended to deceive the public or that respondent's use of the FASNY mark might confuse the public. However, the court granted petitioner a preliminary injunction pursuant to General Business Law § 360-*l*, reasoning that respondent's use of the FASNY acronym diluted its distinctive quality. Respondent appeals, arguing that petitioner did not establish the require-

ments of a preliminary injunction pursuant to General Business Law § 360-*l*, and that the entire petition should be dismissed.

Turning first to petitioner's General Business Law § 133 claim brought as a summary proceeding, we agree with Supreme Court that petitioner failed to demonstrate, as it must, that respondent intended "to deceive or mislead the public" in its use of the FASNY mark (General Business Law § 133; *see Association of Contr. Plumbers of City of N.Y. v Contracting Plumbers Assn. of Brooklyn & Queens, Inc.*, 302 NY 495, 502 [1951]; *Frank's Rest. v Lauramar Enters.*, 273 AD2d 349, 350 [2000]; *Matter of Specialty Box & Packaging Co. v Howe Specialty Co.*, 59 AD2d 961, 962 [1977]). Accordingly, that claim must be dismissed.

Petitioner's statutory and common-law trademark infringement claims must also be dismissed since petitioner failed to allege any facts tending to prove that respondent's use of the FASNY acronym "is likely to cause confusion or mistake or to deceive" (General Business Law § 360-k [a]; *see Allied Maintenance Corp. v Allied Mech. Trades*, 42 NY2d 538, 543 [1977]; *Camelot Assoc. Corp. v Camelot Design & Dev.*, 298 AD2d 799, 800 [2002]; *Adirondack Appliance Repair v Adirondack Appliance Parts*, 148 AD2d 796, 798 [1989]). Simply stated, "[t]he likelihood-of-confusion inquiry turns on whether numerous ordinary prudent purchasers are likely to be misled or confused as to the source of the product in question because of the entrance in the marketplace of [respondent's] mark" (*Playtex Prods., Inc. v Georgia-Pacific Corp.*, 390 F3d 158, 161 [2d Cir 2004] [citations and internal quotation marks omitted]). Here, the parties' submissions contain only facts leading to a contrary conclusion; specifically, the facts show that the parties target and serve discrete populations, that they offer widely divergent products and services, and that respondent has now used the FASNY mark for approximately two decades without any actual confusion. Thus, petitioner is unable to show that confusion is likely to ensue from respondent's continued use and these claims must be dismissed.

Petitioner's General Business Law § 360-*l* claim presents a closer question. That statute provides: "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." (*Id.*) Finding that FASNY, as a coined word, is a distinctive mark and concluding that

respondent's use of the identical mark dilutes its distinctive quality, Supreme Court granted petitioner a preliminary injunction. We do not agree that the preliminary injunction should have been granted under these circumstances.

A preliminary injunction should be ordered only where a party has demonstrated all of the following: "the likelihood of ultimate success on the merits, irreparable injury absent a grant of injunctive relief and a balancing of the equities in [its] favor" (*Little India Stores v Singh*, 101 AD2d 727, 728 [1984]). Here, irrespective of petitioner's likelihood of success on the merits, it has failed to demonstrate that it will suffer irreparable injury if injunctive relief is withheld until after the matter is resolved at trial. Indeed, as noted above, the parties' dual use of the FASNY mark has endured for 20 years without either party suffering any documented harm. Conversely, and relevant to balancing the equities, respondent will be adversely affected if peremptorily forced to abandon its use of the mark, by which it is commonly identified to its international community of students, teachers and faculty, and which it uses on its printed and Internet material. Accordingly, we vacate the preliminary injunction.

However, we disagree with respondent's contention that petitioner has failed to state a cause of action under General Business Law § 360-*l*. Petitioner's ultimate success on that claim will depend on whether it can prove (1) that it "possess[es] a strong mark—one which has a distinctive quality or has acquired a secondary meaning" (*Allied Maintenance Corp. v Allied Mech. Trades, supra* at 545) such that the "trade name has become so associated in the public's mind with the [petitioner] that it identifies goods sold by that entity as distinguished from goods sold by others" (*Adirondack Appliance Repair v Adirondack Appliance Parts, supra* at 798; *see Bel Paese Sales Co. v Macri*, 99 AD2d 740, 741 [1984]), and (2) a "likelihood of dilution" by "either blurring or tarnishment" (*New York Stock Exch., Inc. v New York, New York Hotel, LLC*, 293 F3d 550, 557 [2002]; *see Deere & Co. v MTD Prods., Inc.*, 41 F3d 39, 42-43 [1994]). Given the low threshold required to survive a motion to dismiss for failure to state a cause of action, it is sufficient at this juncture that petitioner herein has alleged facts indicating that respondent is using the same distinctive mark to advertise in an overlapping geographic area and on the Internet, "raising the possibility that the mark will lose its ability to serve as a unique identifier of [petitioner's] product" (*Deere & Co. v MTD Prods. Inc., supra* at 43; *see New York Stock Exch., Inc. v New York, New York Hotel, LLC, supra* at 558; *Allied Maintenance Corp. v Allied Mech. Trades, supra* at 544-545).

Respondent's remaining contentions are either academic or have been found to be unpersuasive.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to respondent, by reversing so much thereof as granted a preliminary injunction and denied respondent's cross motion dismissing the General Business Law §§ 133 and 360-k and common-law trademark infringement causes of action; said claims dismissed and preliminary injunction vacated; and, as so modified, affirmed.