Apple A.C. & Appliance Serv., Inc. v Apple Home Heating Corp. (2018 NY Slip Op 05567)





Apple A.C. & Appliance Serv., Inc. v Apple Home Heating Corp.


2018 NY Slip Op 05567


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-06051
 (Index No. 602243/16)

[*1]Apple Air Conditioning & Appliance Service, Inc., doing business as Apple Air Conditioning and Heating, respondent, 
v
Apple Home Heating Corp., et al., appellants.


Tini Law P.C., Copiague, NY (Francesco P. Tini of counsel), for appellants.
Trainor, Hawthorne & Cristiano LLP, Massapequa Park, NY (Robert J. Cristiano of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to enjoin trade name and service mark infringement, the defendants appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered May 9, 2016. The order granted the plaintiff's motion for a preliminary injunction and directed the plaintiff to post an undertaking in the sum of $15,000.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by increasing the amount of the undertaking to be posted from $15,000 to $30,000; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff, Apple Air Conditioning & Appliance Service, Inc., doing business as Apple Air Conditioning and Heating, has been in the business of servicing air conditioning and heating units on Long Island since 1985. In 2009, the defendant Dominick Maramonte formed the defendant Apple Home Heating Corp., which also services air conditioning and heating units on Long Island. In 2016, the plaintiff commenced this action, asserting causes of action alleging unfair competition, service mark infringement, service mark dilution, and deceptive trade practice. In the order appealed from, the Supreme Court granted the plaintiff's motion to preliminarily enjoin the defendants from using the trade name "Apple" in connection with their business and directed the plaintiff to post an undertaking in the sum of $15,000. The defendants appeal.
"A preliminary injunction may be granted under CPLR article 63 when the party seeking such relief demonstrates: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor" (Doe v Axelrod, 73 NY2d 748, 750 [internal quotation marks omitted]). The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (see id. at 750). Here, the plaintiff established a likelihood of success on the merits with its showing that the public is likely to confuse the defendant's name, Apple Home Heating Corp., with its name, Apple Air Conditioning & Appliance Service, Inc., doing business as Apple Air Conditioning and Heating, and that the use of the word "Apple" has a secondary meaning, in that it is associated with the plaintiff as a specific air conditioning and heating unit service provider on [*2]Long Island (see Matter of Staten Is. Bd. of Realtors v Smith, 298 AD2d 592, 594; Frank's Rest. v Lauramar Enters., 273 AD2d 349).
The likelihood of confusion created by the use of the name "Apple" by the defendants, which offers the same services as the plaintiff in the same market, and which will affect the plaintiff's reputation with customers and potential customers, constitutes irreparable harm (see Klein, Wagner & Morris v Lawrence A. Klein, P.C., 186 AD2d 631, 633; Adirondack Appliance Repair v Adirondack Appliance Parts, 148 AD2d 796, 797-798). Finally, the balance of equities tips in the favor of the plaintiff, which has been using the name "Apple" since 1985.
We agree with the defendants, however, that the fixing of the undertaking to be posted by the plaintiff in the sum of $15,000 was an improvident exercise of discretion, and conclude that an undertaking in the sum of $30,000 is appropriate under the circumstances (see Access Med. Group, P.C. v Straus Family Capital Group, LLC, 44 AD3d 975).
The defendants' remaining contentions are not properly before this Court.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court