■ BEL PAESE SALES CO., INC., Respondent, v JOE MACRI et al., Appellants. — Order of the Supreme Court, New York County (A. Klein, J.), entered on December 28, 1982, granting plaintiff's motion for summary judgment and denying defendants' cross motion for summary judgment, is modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs. Judgment of the Supreme Court, New York County (A. Klein, J.), entered on July 19, 1983, which, *inter alia,* permanently enjoined defendants from using the name "Bel Paese" in connection with defendant's business and directed an assessment of damages against said defendants, is reversed, on the law, and injunction vacated, without costs. Plaintiff Bel Paese Sales Co., Inc. is an importer, manufacturer and seller of a semisoft Italian-style gourmet cheese under the trade-mark "Bel Paese", registered with the United States Patent and Trademark Office. It seeks injunctive relief and damages enjoining defendants, who own and operate an Italian-style delicatessen in New York City with the name "Bel Paese Italian Deli", from using "Bel Paese" as the name of

their delicatessen, on the grounds such use is in violation of section 368-d of the General Business Law. That section provides: "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." Special Term correctly denied defendants' cross motion for summary judgment. Although plaintiff's complaint was properly verified by its president, the defendants' answer was not verified, as required by CPLR 3020 (subd [b]). The five affirmative defenses set forth in the answer were mere titles of such defenses and were not sufficiently particular to give the court and parties notice of the grounds for the defenses as required by CPLR 3013. Moreover, defendants' affirmative defense that plaintiff had not sued or served the proper party was correctly stricken since defendants did not contest that they were subject to the court's personal jurisdiction. Thus, pursuant to CPLR 305 (subd [c]) and 2001, the court has discretion to permit a summons and complaint to be amended to correct a misnomer or misdescription of the legal status of a party (see *Covino v Alside Aluminum Supply Co.,* 42 AD2d 77). However, Special Term erred when it granted plaintiff's motion for summary judgment. Plaintiff submitted two affidavits by its attorney accompanied by copies of plaintiff's trade-mark registration and a letter from Random House, dated January 4, 1974, concerning the inclusion of the trade-mark in its dictionary, in support of the motion for summary judgment. In opposition, defendants in an affidavit by Joe Macri assert that they neither sell plaintiff's product nor trade on the name of plaintiff, but instead use a common Italian phrase "Bel Paese", which literally translated means "beautiful place", solely in connection with the operation of their delicatessen. The Court of Appeals has said: "Although section 368-d does not require a showing of confusion or competition to obtain an injunction, it does require a 'likelihood of injury to business reputation or of dilution of the *distinctive quality* of a mark or trade name.' (Emphasis added.) The statute prohibits any use of a name or mark likely to dilute the *distinctive quality* of a name in use. To merit protection, the plaintiff must possess a strong mark — one which has a distinctive quality or has acquired a secondary meaning which is capable of dilution. Courts * * * have required a showing that the trade-mark or name to be protected is either unique or has acquired a secondary meaning before issuing an injunction [citations omitted]" (*Allied Maintenance Corp. v Allied Mechanical Trades,* 42 NY2d 538, 545). The affidavits and exhibits submitted by plaintiff in the instant case fail to demonstrate that the trade-mark "Bel Paese" has either a "distinctive quality" or has acquired a "secondary meaning" which is capable of dilution. Nor has plaintiff demonstrated, in its moving papers, that the use of the "Bel Paese" name by defendants will inexorably have an adverse effect upon the value of plaintiff's trade-mark and, eventually, deprive the trade-mark of its distinctiveness (*Allied Maintenance Corp. v Allied Mechanical Trades, supra,* at p 545). Since an issue of fact is present as to whether plaintiff is entitled to relief pursuant to section 368-d of the General Business Law for dilution of its trade-mark, summary judgment was improvidently granted by Special Term (*Esteve v Abad,* 271 App Div 725). Concur — Ross, J. P., Asch, Fein, Milonas and Alexander, JJ.