## Amran Props. LLC Series 1 v Watson

2024 NY Slip Op 33549(U)

October 7, 2024

Supreme Court, New York County

Docket Number: Index No. 157819/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. PAUL A. GOETZ            PART                47

*Justice*

-------------------------------------------------------------------------X

AMRAN PROPERTIES LLC SERIES 1

Plaintiff,

- v -

JENNIFER WATSON,

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157819/2021 |
| MOTION DATE | 02/20/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 103, 105, 108, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 167, 182, 185

were read on this motion to/for                SUMMARY JUDGMENT (AFTER JOINDER)     .

In this residential landlord-tenant action, plaintiff-landlord seeks to recover unpaid rent from defendant-tenant, who vacated her apartment in 2020 before her lease expired. Plaintiff now moves for (i) summary judgment pursuant to CPLR § 3212 on plaintiff's first cause of action for breach of contract; (ii) an award of attorneys' fees and expenses; (iii) dismissal of defendant's affirmative defenses pursuant to CPLR § 3211(b); and (iv) dismissal of defendant's counterclaims pursuant to CPLR § 3211(a). Defendant cross-moves for (i) summary judgment pursuant to CPLR § 3212 dismissing the complaint; (ii) summary judgment pursuant to CPLR § 3212 on her first, second, third, fourth, seventh, and ninth counterclaims; and (iii) an award of attorneys' fees and expenses.

## BACKGROUND

Plaintiff owns unit 11N (the unit) in the residential building located at 87 West Broadway, New York, NY 10007 (NYSCEF Doc No 44). Pursuant to a lease agreement dated

**157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER**             **Page 1 of 11**
**Motion No. 002**

1 of 11

January 1, 2014, which was renewed three times thereafter, defendant rented the unit for $4,650 per month, with an expiration date of August 31, 2021 (NYSCEF Doc No 45).

In March 2020, in response to the outbreak of COVID-19, the board of managers for the condominium changed their procedures concerning staffing, security, residential hallway cleaning, and trash removal (NYSCEF Doc No 54). At the time, defendant was behind on rent payments (NYSCEF Doc No 56, p. 30).[1] When plaintiff inquired about defendant's payment for rent for March and April of 2020, defendant raised the issue of the significantly reduced services and amenities in the building and whether this relieved her of her obligation to pay rent (*id.*, pp. 55-56). On May 9, 2020, defendant notified plaintiff via email that she intended to vacate the apartment by June 30, 2020; plaintiff advised that this would be considered a breach of the lease and that she would remain liable thereunder (*id.*, pp. 22-23). Defendant stayed in possession, but then reiterated her intent to vacate, this time by July 31, 2020, which plaintiff again rejected (*id.*, pp. 35-36). On July 29, 2020, defendant vacated the unit and returned her keys to the property manager (NYSCEF Doc No 58). She did not pay any rent from July 2020 through the remainder of the lease term (NYSCEF Doc No 1 ¶ 17). By agreement dated August 9, 2020, plaintiff engaged Compass as a broker to find a new tenant to occupy the unit (NYSCEF Doc No 61).

Plaintiff's complaint asserts causes of action for (i) breach of contract; and (ii) an award of attorneys' fees (NYSCEF Doc No 1). Defendant's answer raises ten affirmative defenses, including that: (i) plaintiff's claims are barred by documentary evidence; (ii) plaintiff fails to state a cause of action; (iii) plaintiff failed to perform one or more conditions precedent; (iv) plaintiff failed to mitigate its damages; (v) plaintiff breached the warranty of habitability; (vi) plaintiff's claims are barred by its own culpable conduct; (vii) plaintiff violated Real Property

---

[1] Plaintiff alleges that defendant habitually paid rent late, even before the pandemic (NYSCEF Doc No 50 [text messages indicating that defendant was late on rent throughout 2019]).

**157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER**          Page 2 of 11
**Motion No.  002**

2 of 11

[* 2]

Law (RPL) § 227-e; (viii) plaintiff violated RPL § 227; (ix) the court lacks subject matter jurisdiction; and (x) plaintiff failed to account for defendant's security deposit (NYSCEF Doc No 48). Defendant also asserts nine counterclaims for: (i) failure to mitigate damages in violation of New York Real Property Law (RPL) § 227-e; (ii) or, if plaintiff is found to be in compliance with RPL § 227-e, a reduction of any amounts owed by defendant; (iii) violation of the warranty of habitability; (iv) failure to provide an apartment fit for occupancy in violation of RPL § 227; (v) an accounting of all money and consideration plaintiff received for the unit; (vi) retention of two months-worth of security deposits in violation of the New York State Housing Stability and Tenant Protection Act of 2019 (HSTPA); (vii) retention of the security deposits without giving notice of itemized deductions; (viii) trespassing; and (ix) an award of attorneys' fees and costs pursuant to the lease and RPL § 234 (*id.*).

DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba*

157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER          Page 3 of 11
Motion No.  002

3 of 11

*Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Plaintiff's First Cause of Action (Breach of Contract)

The lease obligated defendant to pay rent on the first day of each month throughout the lease term (NYSCEF Doc No 45, p. 8). Plaintiff has made a prima facie showing that defendant breached the lease by submitting communications between the parties indicating that defendant stopped making rent payments before the lease expired (NYSCEF Doc No 56). Defendant does not dispute that she stopped making rent payments before the lease expired; rather, she argues that she is not liable for any remaining rent—or, at a minimum, there is a material issue of fact as to whether she is liable for any remaining rent—because (i) plaintiff failed to provide the requisite notice prior to commencing this action, (ii) the unit had become uninhabitable (defendant's third and fourth counterclaims), and (iii) plaintiff failed to mitigate damages (defendant's first counterclaim).

    *i.    Failure to Perform Condition Precedent (third defense)*

In support of her argument that plaintiff failed to provide the requisite notice prior to filing suit, defendant cites § 17.C of the lease, which states:

> If You do not pay your rent when this Lease requires after a
> personal demand for rent has been made, or within 3 days after a
> statutory written demand for rent has been made, or if the Lease
> ends Owner may do the following: (i) enter the Apartment and
> retake possession of it if You have moved out; (ii) go to court and
> ask that You and all other occupants in the Apartment be
> compelled to move out.

(NYSCEF Doc No 45, p. 10). This provision is irrelevant, as it involves plaintiff's right to re-enter and possess the unit—which is not at issue here—rather than plaintiff's right to seek payment following defendant's vacatur. The relevant provision is thus § 16.B, which provides:

**157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER**       **Page 4 of 11**
**Motion No. 002**

4 of 11

"If You move out of the Apartment (abandonment) before the end of this Lease without the consent of Owner, this Lease will not be ended. You will remain responsible for each monthly payment of rent as it becomes due until the end of this Lease" (*id.*). Here, defendant abandoned the unit without plaintiff's consent, and therefore, defendant remained liable for each monthly payment through the end of the lease. Accordingly, the part of plaintiff's motion seeking to dismiss defendant's third affirmative defense will be granted.

  ii.  *Habitability (fifth defense / third counterclaim) and Fitness for Occupancy (eighth defense / fourth counterclaim)*

  The implied warranty of habitability sets forth a minimum standard to protect tenants against conditions that render residential premises uninhabitable or unusable (RPL § 235-b; see also *Solow v Wellner*, 86 NY2d 582 [1995].) "Tenants alleging breach of the warranty of habitability must provide evidence sufficient to support their claims" (*Kent v 534 E. 11th St.*, 80 AD3d 106 [1st Dept 2010]). Defendant asserts that plaintiff breached the warranty of habitability by creating or allowing certain conditions to persist that were detrimental to her life, safety, and property, and that she was therefore entitled to surrender the premises and be released from liability for subsequent rent charges pursuant to RPL § 227 (NYSCEF Doc No 115). In support of this argument, defendant submits notices of criminal activity outside the building (NYSCEF Doc No 123), two photos of people sleeping against the building (NYSCEF Doc No 124), a photo of garbage buildup (NYSCEF Doc No 126), photos of the building's boarded-up windows (NYSCEF Doc No 127), and an email showing that defendant's toilet was leaking one night and no engineer was onsite to fix it (NYSCEF Doc No 131). The conditions alleged, which are typical to many city residents, cannot be reasonably described as "dangerous, hazardous or detrimental to [defendant's] life, health or safety" (RPL § 235-b[1]). Nor can the building be

**157819/2021 AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER**   **Page 5 of 11**
**Motion No. 002**

5 of 11

deemed "destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy" within the meaning of RPL § 227 (*Experience NY Now Inc. v 126 W. 34th St. Assoc. LLC*, 2022 NY Slip Op 33877[U] *23 [SC NY Co 2022] ["While the [defendant] alleges that COVID-19 and attendant government restrictions [affected her use of the unit], it is undisputed that the subject premises has not been physically harmed or altered in any way"]). Accordingly, the part of plaintiff's motion seeking to dismiss defendant's fifth and eighth affirmative defenses and third and fourth counterclaims will be granted, and the part of defendant's motion seeking summary judgment on her third and fourth counterclaims will be denied.

iii.     *Mitigation of Damages (fourth and seventh defenses / first and second counterclaims)*

Pursuant to RPL § 227-e, when "a tenant vacates a premise in violation of the terms of the lease, the landlord shall in good faith . . . take reasonable and customary actions to rent the premises . . . and mitigate damages otherwise recoverable against the previous tenant." Plaintiff submitted the affidavit of its managing member Daniel Rayman, who states that plaintiff: hired a real estate brokerage within two weeks of defendant's vacatur; requested a professional estimate of the unit's fair market value (which was quoted at $4,400 to $4,600); waived the broker's fee as an incentive to prospective tenants; lowered the monthly rent fees twice to account for market downturns during the height of the pandemic; scheduled onsite showings as soon as it was able after government shut-down orders were lifted; and found a new tenant for a lease start date of June 15, 2021, renting the unit for $3,800 per month (NYSCEF Doc No 42 ¶¶ 68-76). Plaintiff has therefore met its burden of demonstrating that it took reasonable and customary actions to re-rent the unit and mitigate its damages (*14 E. 4th St. Unit 509 LLC v Toporek*, 203 AD3d 17, 23-24 [1st Dept 2022]). Defendant argues that "the Court MUST question the marketing strategy

**157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER**          **Page 6 of 11**
**Motion No.  002**

6 of 11

employed by the plaintiff in trying to re-rent the Apt" and casts doubt on the valuation performed (NYSCEF Doc No 115). However, plaintiff's only obligation was to "take reasonable and customary actions to rent the premises," and defendant failed to raise an issue of fact as to whether plaintiff's reliance on the broker's valuation of the unit (which closely aligned with the actual rent defendant was charged) was unreasonable, or that it did not follow the customary re-letting procedures (*14 E. 4th St. Unit 509 LLC*, 203 AD3d at 24).

Additionally, defendant's answer asserts that "in the event the plaintiff demonstrates compliance with [RPL] § 227-e, [] defendant demands judgment reducing any amounts owed pursuant to [that section]" (NYSCEF Doc No 30 ¶ 74). Defendant's cross-motion, however, argues only that plaintiff did not comply with RPL § 227-e; she fails to identify any part of that provision which would entitle her to a reduction in the amount owed even where plaintiff has mitigated its damages (NYSCEF Doc No 115). Indeed, plaintiff is not seeking to recover rent for the period from when the new tenant moved in on June 15, 2021 until the end of defendant's lease term on August 31, 2021, notwithstanding that the new rental amount was less than the amount defendant agreed to pay. Accordingly, the part of plaintiff's motion seeking to dismiss defendant's fourth and seventh defenses and first and second counterclaims will be granted, and the part of defendant's motion seeking summary judgment on her first and second counterclaims will be denied.

In sum, plaintiff met its prima facie burden by demonstrating that defendant breached the lease, while defendant failed to raise an issue of fact regarding her breach or state a viable affirmative defense. Accordingly, the part of plaintiff's motion seeking summary judgment on its first cause of action for breach of the lease will be granted; the part of plaintiff's motion seeking

**157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER**                    **Page 7 of 11**
**Motion No.  002**

[* 7]                                                    7 of 11

to dismiss defendant's second affirmative defense for failure to state a claim will be granted, and the part of defendant's cross-motion seeking to dismiss the complaint will be denied.

Defendant's Remaining Affirmative Defenses

Besides the affirmative defenses addressed *supra*, defendant asserts that: plaintiff's claims are barred by documentary evidence (first); plaintiff's claims are barred by its own culpable conduct (sixth); and the court lacks subject matter jurisdiction (ninth) (NYSCEF Doc No 30).[2] As plaintiff notes, each of these defenses are conclusory, boilerplate and unsupported by the evidence (*Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd.*, 35 AD3d 317, 319 [1st Dept 2006] ["affirmative defenses were properly dismissed as [] conclusory"]; *Herbert Paul, P.C. v Coleman*, 236 AD2d 268, 269 [1st Dept 1997] ["affirmative defenses [] properly dismissed as insufficiently pleaded and factually unsupported"]; *Bel Paese Sales Co. v Macri*, 99 AD2d 740 [1st Dept 1984] [finding the "affirmative defenses set forth in the answer were mere titles of such defenses and were not sufficiently particular to give the court and parties notice of the grounds for the defenses as required by CPLR 3013"]). Defendant does not provide support or even address these defenses in her cross-motion. Accordingly, the part of plaintiff's motion seeking to dismiss defendant's first, sixth, and ninth defenses will be granted.

Defendant's Remaining Counterclaims

Besides the counterclaims addressed *supra*, defendant asserts counterclaims for: an accounting of all money and other consideration plaintiff received for the unit (fifth); retention of two months of rent as security in violation of the HSTPA (sixth); retention of the security deposits without giving notice of itemized deductions in violation of the HSTPA (eighth); and trespassing (ninth) (NYSCEF Doc No 30).[3]

---

[2] Defendant's tenth affirmative defense will be addressed *infra*.
[3] Defendant's ninth counterclaim will be addressed *infra*.

**157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER**
**Motion No.  002**

Page 8 of 11

Regarding defendant's fifth counterclaim, as plaintiff notes, defendant has failed to allege "the existence of a confidential or fiduciary relationship" and therefore does not have a basis to seek an accounting (*Palazzo v Palazzo*, 121 AD2d 261, 265 [1st Dept 1986]). Defendant does not dispute or address this in her opposing brief and therefore her counterclaim fails.

With respect to defendant's sixth and eighth counterclaims, plaintiff argues that the HSTPA does not apply because the parties entered into the final lease renewal agreement on June 5, 2019, before the HSTPA went into effect on July 14, 2019. Defendant notes that "the 3rd renewal commenced on September 1, 2019, after the commencement of the HSTPA" (NYSCEF Doc No 115, p. 13)[4]. The HSTPA applies to "any lease or rental agreement or renewal of a lease or rental agreement *entered into* on or after" the HSTPA's effective date (HSTPA § 29 [emphasis added]). The parties entered into the renewal before the HSTPA went into effect; therefore, defendant's counterclaims under this Act fail.

Plaintiff argues that defendant's ninth counterclaim must be dismissed because "[a]s set forth in the affidavits of Daniel Rayman and [Compass real estate broker] Christine Barranca, neither plaintiff nor any agent or representative of the plaintiff entered into the Apartment while occupied by the defendant" (NYSCEF Doc Nos 41, 42, 72). Again, defendant does not dispute or address this in her opposing brief and therefore her ninth counterclaim fails.

Accordingly, the part of plaintiff's motion seeking to dismiss defendant's fifth, sixth, eighth, and ninth counterclaims will be granted.

Money Judgment

On plaintiff's cause of action for breach of the lease, it seeks a money judgment for a total of $58,974.11, comprised of unpaid rent from March 1, 2020 to June 15, 2021 (NYSCEF

---

[4] Defendant also notes that plaintiff "did not date the renewal" (*id.*). While there is no date listed directly next to the landlord signature line, the agreement is dated June 5, 2019 at the top of the document (NYSCEF Doc No 45).

**157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER**          **Page 9 of 11**
**Motion No.  002**

Doc No 68 [$57,915.00]), electricity fees (NYSCEF Doc No 69 [$879.11]), re-rental costs (NYSCEF Doc No 70 [$3,200]), and the brokerage commission (NYSCEF Doc No 71 [$4,180.00]), less defendant's security deposit (NYSCEF Doc No 45 [$7,200.00]); alternatively, plaintiff seeks to schedule a hearing to determine the total amount to be recovered (NYSCEF Doc No 42). Defendant did not raise an issue of fact as to these amounts due, nor did she address her tenth affirmative defense that plaintiff failed to account for her security deposit, as that was explicitly factored into this calculation (NYSCEF Doc No 115). Additionally, as outlined *supra*, defendant is not entitled to any offset of the amounts owed. Accordingly, the parts of plaintiff's motion seeking an award of $58,974.11 as against defendant and seeking to dismiss defendant's tenth affirmative defense will be granted.

Attorneys' Fees and Costs

Finally, plaintiff has demonstrated its entitlement to attorneys' fees and costs pursuant to the lease, which provides that defendant "must reimburse Owner for . . . [a]ny legal fees and disbursements for legal actions or proceedings brought by Owner against [defendant] because of a default" (NYSCEF Doc No 45 § 20.A.iv) and, conversely, that defendant is not entitled to attorneys' fees and costs as she sought in her ninth affirmative defense. Defendant failed to address this issue in her opposing papers (NYSCEF Doc No 115). Accordingly, the part of plaintiff's motion seeking an award of attorneys' fees and costs will be granted, and defendant's ninth affirmative defense will be dismissed.

## CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff's motion is granted in its entirety; and it is further

**157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER**                    **Page 10 of 11**
**Motion No.  002**

10 of 11

[* 10]

ORDERED that defendant's cross-motion is denied in its entirety; and it is further

ORDERED and ADJUGED that plaintiff Amran Properties LLC Series 1 recover $58,974.11 as against defendant Jennifer Watson for its first cause of action for breach of the lease; and it is further

ORDERED that defendant's affirmative defenses and counterclaims are dismissed; and it is further

ORDERED that plaintiff be awarded its attorneys' fees and costs incurred in bringing this action; and it is therefore

ORDERED that within twenty days of notice of entry of this order, plaintiff shall submit its attorneys' fees and costs incurred in bringing this action; within fifteen days thereafter defendant is to submit any objections to the fees and costs sought by plaintiff; submissions shall be submitted via NYSCEF and emailed to the Part 47 Clerk at SFC-Part47-Clerk@nycourts.gov.

20241007143230PGOETZ192A24B1601C04710A9FC8F2A874693FF

| 10/7/2024 | | | | | PAUL A. GOETZ, J.S.C. | |
|-----------|---|---|---|---|------------------------|---|
| DATE | | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|------------------------|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

157819/2021   AMRAN PROPERTIES LLC SERIES 1 vs. WATSON, JENNIFER
Motion No.  002

Page 11 of 11

[* 11]